J-A30021-19

2020 PA Super 92

| SHARON A. ROSIECKI | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| WALTER R. ROSIECKI | : | |
| | : | |
| Appellant | : | No. 932 MDA 2019 |

Appeal from the Order Entered May 1, 2019
In the Court of Common Pleas of Lackawanna County Domestic Relations
at No(s):  2007-DR-0080561

BEFORE:   DUBOW, J., NICHOLS, J., and COLINS, J.[*]

OPINION BY NICHOLS, J.:                        **FILED APRIL 09, 2020**

Walter R. Rosiecki (Husband) appeals from the order granting the motion to dismiss filed by Sharon A. Rosiecki (Wife) and denying Husband's petition to terminate alimony.  Husband argues that the trial court erred in finding that it did not have the authority to modify the terms of Husband's alimony obligation.  Further, he asserts that the trial court abused its discretion by denying his petition without conducting an evidentiary hearing. We affirm.

By way of background, Wife filed a complaint for support on May 11, 2007.  On December 7, 2009, while the divorce matter was pending, the parties entered a marital settlement agreement before the Master.[1]  At the

_____

[*] Retired Senior Judge assigned to the Superior Court.

[1] Both parties were represented by counsel.

hearing, the Master set forth the relevant terms of the marital settlement agreement as follows:

> [T]he parties have acknowledged that there is a marital interest in certain parcels of real estate.  There are certain parcels of real estate that are presently titled in [H]usband's name in 840 Main Street in Dickson, 1140 Main Street in Peckville, 1132 Main Street in Peckville, and the rear 1126 Main Street in Peckville.
>
> *     *     *
>
> It is acknowledged by the parties that there is presently a spousal support order entered, that the parties are agreeing that the spousal support order will convert first to an alimony *pendente lite* [(APL)] order before the divorce of the parties and that shall be effective today, an order of $900 per month [APL].  And once the divorce is finalized by the parties, that will continue as an order of $900 per month as alimony.
>
> *     *     *
>
> The alimony payment will continue until such time as the following events occur: Once all of the aforesaid properties are sold that we have listed, that being the 801 property, 1140 property, the 1132 property, and the property known as "The Lot," which was the property at 1126 Main Street[,] are sold, [H]usband's obligation for alimony shall cease in its entirety.
>
> However, pending the termination in its entirety of alimony, should any of the properties be sold, those being the four properties that we listed, Husband shall be entitled to a reduction of alimony as follows: If at the time that 801 Main Street is sold, [H]usband's reduction shall be 20 percent.  At the time that the 1140 Main Street is sold, the reduction shall be 21 percent.  At the time that 1132 Main Street is sold, it will be 54 percent.  And at the time that the lot at 1126 is sold, it will be a five percent reduction.
>
> So, it doesn't make any difference on the order in which they are sold, but when they are sold, those percentages of the alimony payment will be reduced, that's contemplating obviously, they will be sold, [W]ife will receive 35 percent of the net of [H]usband's

interest in that property and basically will be her own interest in that property at that point and in fact, those alimony payments will be reduced on that basis.

N.T. Master's Hr'g, 12/7/09, at 12-13. The agreement was incorporated but not merged into the final divorce decree that was entered on January 21, 2010.

On January 7, 2019, Husband filed an emergency petition to terminate alimony and requested a hearing. *See* Emergency Pet. for Special Relief to Terminate Alimony & Req. for a H'rg, 1/7/19. Therein, Husband acknowledged that he was obligated to pay alimony because the parties' four properties had not been sold. *Id.* at 4. However, he argued that he could no longer afford to make payments because he was "out of work" and experiencing health problems. *Id.* Husband argued that he "did not understand the settlement . . . as it relates to the payment and/or termination of [a]limony." *Id.* at 4. He also stated that he believed that the agreement and order were "incorrect and in error." *Id.* Finally, Husband asserted that the agreement did "not take into account all sources of income of [Wife]," or Husband's "necessary expenses" and loss of income. *Id.*

At the hearing on April 10, 2019, Wife made an oral motion to dismiss Husband's petition. The trial court directed Wife to file a written motion and ordered Husband to file a response. In her written motion, Wife asserted that the trial court did not have statutory authority to modify the terms of Husband's alimony obligation because it arose from the parties' agreement, and not from a court order. *See* Wife's Mot. to Dismiss, 4/11/19, at 3

- 3 -

(unpaginated). In his response, Husband incorporated the same arguments that he raised in his original petition. **See** Husband's Resp. to Wife's Mot. to Dismiss, 4/22/19. He also requested that the trial court "order an evidentiary hearing for the taking of testimony and the creation of a record." **Id.** at 6.

On May 1, 2019, the trial court granted Wife's motion to dismiss Husband's petition. In its order, the trial court explained:

> The terms of the agreement dated December 7, 2009 are clear and unambiguous and provide no language for modification, extension or termination.
>
> Although Husband cites alimony law in his brief, this court is without jurisdiction to modify the terms of the agreement. The alimony awarded is a contractual agreement entered into by both parties, who swore under oath to their understanding of the agreement. Additionally, there is no evidence of fraud, mistake or duress. Therefore, this court cannot modify the terms of the agreement. As such, Wife's Motion to Dismiss shall be GRANTED.

Trial Ct. Order, 5/1/19, at 2 (some formatting altered).

Husband filed a timely notice of appeal on May 31, 2019. He also filed a timely Pa.R.A.P. 1925(b) statement.[2] The trial court issued a Rule 1925(a) opinion asserting that Husband's claims were meritless.

---

[2] Husband raised thirteen issues in his Rule 1925(b) statement. **See** Husband's Rule 1925(b) Statement, 6/24/19, at 1-2. In relevant part, Husband alleged that

> The trial court erred in failing to find that [23 Pa.C.S. § 3701] contains a provision for the modification, suspension, or even termination of alimony, and in failing to find that [it] had both the jurisdiction and power to consider the Emergency Petition for

On appeal, Husband raises the following issues, which we have reordered as follows:

> [1.] Did the trial court err in failing to find that [23 Pa.C.S. § 3701] contains a provision for the modification, suspension, or even termination of alimony, and in failing to find that it had both the jurisdiction and power to consider the Emergency Petition for Special Relief to Terminate Alimony and Request for a Hearing filed by [Husband]?
>
> [2.] Did the trial court err in granting the [Wife's] Motion to Dismiss [Husband's] Petition to Terminate Alimony?
>
> [3.] Did the trial court abuse its discretion or commit an error of law in failing to permit the calling of witnesses, the

---

> Special Relief to Terminate Alimony and Request for a Hearing filed by [Husband].
>
> The [trial court] erred in granting the [Wife's] Motion to Dismiss [Husband's] Petition.
>
> The [trial court] erred in Husband the right to testify, call witnesses, present evidence or cross-examin[e] witnesses before issuing its May 1, 2019 order.
>
> The [trial court] abused its discretion by precluding [Husband] from testifying or from introducing evidence before issuing its Order of May 1, 2019.
>
> The [trial court] erred in its May 1, 2019 Order in that there was no testimony taken nor any evidence presented, upon which the [trial court's] order could be based.
>
> The [trial court] erred in law and abused its discretion in denying [Husband's] Emergency Petition for Special Relief to Terminate Alimony and Request for Hearing without any evidence or testimony.

Husband's Rule 1925(b) Statement at 1-3.

presentation of evidence and the cross-examination of witnesses before issuing its May 1, 2019 order?

[4.] Did the trial court abuse its discretion or commit an error of law where it appears from a review of the record that there is no evidence to support the [trial] court's findings?

Husband's Brief at 3-4.[3]

We address Husband's first two claims together.[4] Husband contends that the trial court erred by finding that it did not have jurisdiction or authority to modify his alimony payments. *Id.* at 17. Husband contends that a court can modify the terms of alimony under Section 3701(e) of the Divorce Code. *Id.* at 17 (citing 23 Pa.C.S. § 3701(e)).

Because Husband's alimony obligation arose from a marital settlement agreement, our review is governed by the following principles:

> A marital support agreement incorporated but not merged into the divorce decree survives the decree and is enforceable at law or equity. A settlement agreement between spouses is governed by the law of contracts unless the agreement provides otherwise. The terms of a marital settlement agreement cannot be modified by a court in the absence of a specific provision in the agreement providing for judicial modification.

---

[3] Although Husband presents four questions on appeal, his argument section only contains two sections. *See* Pa.R.A.P. 2119(a) (stating that "[t]he argument shall be divided into as many parts as there are questions to be argued"). Nevertheless, Husband's failure to comply with Rule 2119(a) does not preclude us from reviewing his claims.

[4] In his brief, Husband explains that his appeal can be "reduced to two basic questions." *See* Husband's Brief at 16. Because Husband combines his four clams into two argument sections, we will address them in that manner.

*Stamerro v. Stamerro*, 889 A.2d 1251, 1258 (Pa. Super. 2005) (citations and quotation marks omitted).

> When interpreting a marital settlement agreement, the trial court is the sole determiner of facts and absent an abuse of discretion, we will not usurp the trial court's fact-finding function. On appeal from an order interpreting a marital settlement agreement, we must decide whether the trial court committed an error of law or abused its discretion.
>
> Because contract interpretation is a question of law, this Court is not bound by the trial court's interpretation. Our standard of review over questions of law is *de novo* and to the extent necessary, the scope of our review is plenary as the appellate court may review the entire record in making its decision. However, we are bound by the trial court's credibility determinations.

*Id.* at 1257-58. Moreover, we are not limited by a trial court's rationale, and we may affirm its decision on any basis. *See Blumenstock v. Gibson*, 811 A.2d 1029, 1033 (Pa. Super. 2002).

In "construing agreements involving clear and unambiguous terms, this Court need only examine the writing itself to give effect to the parties['] understanding." *Lang v. Meske*, 850 A.2d 737, 739-40 (Pa. Super. 2004) (citations omitted). "In other words, the intent of the parties is generally the writing itself. In ascertaining the intent of the parties to a contract when unclear from the writing itself, the court considers the parties' outward and objective manifestations of assent, as opposed to their undisclosed and subjective intentions." *Stamerro*, 889 A.2d at 1258. "[A]bsent fraud, misrepresentation, or duress, spouses should be bound by the terms of their

agreements." ***Stackhouse v. Zaretsky***, 900 A.2d 383, 386 (Pa. Super. 2006) (citation omitted).

In the context of a settlement agreement, alimony is "not governed by statute, but [by] express mutual agreement of the parties." ***See Woodings v. Woodings***, 601 A.2d 854, 859 (Pa. Super. 1992). Therefore, alimony agreements are "not be subject to modification by the court" unless the agreement contains "a specific provision to the contrary." 23 Pa.C.S. § 3105(c); ***see also Egan v. Egan***, 125 A.3d 792, 798 (Pa. Super. 2015) (explaining that the purpose of Section 3105(c) "is to encourage marital settlement agreements by assuring the parties that the courts will enforce the agreements as written").

When there is no agreement between the parties, a court may order alimony as it "deems reasonable" after considering the statutory factors contained in Section 3701(b). ***See*** 23 Pa.C.S. § 3701(a)-(b). Unlike alimony obligations that are created by agreement, court-ordered alimony awards remain "subject to modification to reflect the parties' changed circumstances." ***Egan***, 125 A.3d at 798; ***see also*** 23 Pa.C.S. § 3701(e).

Here, in its Rule 1925(a) opinion, the trial court addressed Husband's issue as follows:

> The agreement in this matter was not merged into the divorce decree. Therefore, it is a separate contract and is governed by the law of contracts. Furthermore[,] there is no argument that there was fraud, misrepresentation or duress. Therefore, this court cannot look to the alimony statute because the parties are bo[u]nd by the terms of the contract.

\*    \*    \*

The terms of the agreement dated December 7, 2009 are clear and unambiguous and provide no language for modification, extension or termination unless certain conditions are met, which both parties agree have not been fulfilled. Although Husband cited to court-awarded alimony law in his response, this court is without jurisdiction to modify the terms of the agreement. The alimony awarded is a contractual agreement entered into by both parties, who swore under oath to their understanding of the agreement. Additionally, there is no evidence and/or argument of fraud, mistake or duress. Even though Husband avers that he did not understand the terms of the agreement[,] that is not evidence of ambiguity. Therefore, this court cannot modify the terms of the agreement.

Trial Ct. Op., 7/16/19, at 6-8 (quotation marks and citations omitted).

Based on our review of the record, we cannot conclude that the trial court abused its discretion or committed an error of law. **See Stamerro**, 889 A.2d at 1257. As noted by the trial court, Husband's alimony obligation arose from the parties' agreement and not from a court-ordered alimony award. As such, the trial court's authority was limited by the terms of the parties' agreement. **See** 23 Pa.C.S. § 3105(c); **see also Egan**, 125 A.3d at 798. Since the agreement did not permit judicial modifications, the trial court had no authority to terminate Husband's alimony obligation without the parties' consent. **See** 23 Pa.C.S. § 3105(c); **see also Egan**, 125 A.3d at 798. Therefore, the trial court correctly granted Wife's motion to dismiss.

For his two remaining issues, Husband argues that the trial court abused its discretion by denying his petition without a hearing. Husband's Brief at 24. He asserts that he "not only formally requested a hearing, but set forth

evidence that [Husband] would present at the time of hearing." ***Id.*** at 21. He contends that, without an evidentiary hearing, the trial court "could not sufficiently consider and analyze all of the necessary elements" of Husband's claims. ***Id.*** at 25.

Husband first states that he would have presented testimony to establish "changed circumstances" under Section 3701(e). ***Id.*** at 18-19. Specifically, Husband refers to his claim that he was out of work due to "severe and debilitating heart and orthopedic problems." ***Id.*** at 21. He also identifies four physicians and a physical therapist who could testify about his health problems. ***Id.*** at 21.

Husband also argues that the trial court should have held a hearing to "ascertain the intent of the parties to the marital settlement agreement." ***Id.*** at 19. He asserts that, in order to resolve those issues, the trial court was required to make credibility determinations. ***Id.*** at 23. Because the trial court declined to hold a hearing, Husband contends that "there was no record evidence upon which the trial court could support its order." ***Id.*** at 22.

In its Rule 1925(a) opinion, the trial court explained:

> This court had a hearing scheduled on Husband's Emergency Petition for Special Relief to Terminate Alimony and Request for a Hearing on April 10, 2019. At that time, Wife's counsel made an oral Motion to Dismiss. This court advised Wife's counsel to submit [a] Motion to Dismiss in writing and allowed Husband's counsel a chance to respond, at which time this court would rule on said motion. At no time did Husband's counsel object and/or request to present evidence and/or testimony regarding Wife's Motion to Dismiss.

\* \* \*

> As discussed above, the agreement is governed by contract law. Therefore, absent fraud or mistake this court cannot modify the terms. There is no evidence or argument of fraud or mistake. Additionally, the terms of the agreement are clear and unambiguous.

Trial Ct. Op. at 3 (some capitalization omitted).

Instantly, in his emergency petition to terminate alimony, Husband outlined the evidence that he planned to present—namely, that he was out of work and experiencing health problems and requested a hearing. Moreover, in his response to Wife's motion to dismiss, Husband requested that the trial court "order an evidentiary hearing for the taking of testimony and the creation of a record." Husband's Resp. to Wife's Mot. to Dismiss, 4/22/19, at 6.

However, as noted previously, the trial court had no authority to modify Husband's alimony obligation based on his claim of changed circumstances. *See* 23 Pa.C.S. § 3105(c). Therefore, even if the trial court accepted Husband's factual allegations as true, Husband could not establish a legal basis for relief. *See id. Cf.* 23 Pa.C.S. § 3701(e) (stating that a court-ordered alimony award can be modified upon either party's showing of "changed circumstances"). Accordingly, an evidentiary hearing was not necessary to resolve his claims.

Moreover, as noted by the trial court, the terms of the agreement were clear and unambiguous. As such, the trial court could ascertain the parties'

intent from the agreement itself. *See Lang*, 850 A.2d at 739-40; *see also Stamerro*, 889 A.2d at 1258. Given the lack of ambiguity in the agreement, there was no basis for the trial court to hold a hearing to determine the parties' subjective intent. *See Stamerro*, 889 A.2d at 1258. Further, although Husband asserted that he "did not understand" the terms of the alimony agreement, he did not allege fraud, misrepresentation, or duress. *See Stackhouse*, 900 A.2d at 286. Therefore, Husband failed to raise any claims that could entitle him to relief. *See id.*

In sum, our review of the record confirms that Husband's claims for modification were insufficient as a matter of law. *See* 23 Pa.C.S. § 3105(c). Accordingly, we agree with the trial court's conclusion that Husband was not entitled to an evidentiary hearing, albeit on a different basis. *See Blumenstock*, 811 A.2d at 1033.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 04/09/2020

- 12 -