J-S38017-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| ELENA REILEY | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| RICHARD REILEY | : | |
| | : | |
| Appellant | : | No. 454 MDA 2020 |

Appeal from the Order Entered February 6, 2020
In the Court of Common Pleas of Lancaster County Civil Division at
No(s):  CI-12-12528

BEFORE:   KUNSELMAN, J., McLAUGHLIN, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY McLAUGHLIN, J.:          **FILED DECEMBER 14, 2020**

Richard Reiley ("Husband") appeals from the order denying his motion to modify the alimony payment amount. He argues that the court erred in concluding that the parties' agreement as to alimony did not enable the court to modify the alimony amount. We affirm.

Elena Reiley ("Wife") filed a divorce complaint in August 2012, and in June 2014, the parties reached an agreement governing alimony, among other things, and at a hearing before a master, they orally placed the terms of the agreement on the record. Husband's counsel stated that pursuant to the agreement, Husband would pay alimony of $500 a month, "with all of the qualifiers that alimony under the law attaches." N.T., 6/13/14, at 4. Husband's counsel continued, "So it's taxable as alimony and it's subject to termination

_____

[*] Former Justice specially assigned to the Superior Court.

upon cohabitation and all that stuff and, of course, it's terminable upon death." **Id.** at 5. The master then asked the term of the alimony, and Husband's counsel replied, "It's permanent." **Id.**

In November 2019, Husband filed a petition seeking to modify alimony based on an increase in his living expenses, and to terminate the alimony based on Wife's alleged co-habitation. The trial court ordered the parties to submit briefs addressing whether it could modify the alimony amount, and scheduled a hearing to determine whether to terminate alimony based on co-habitation. Husband subsequently withdrew his request to terminate alimony due to co-habitation. The court canceled the hearing and denied Husband's petition. Husband filed a timely Notice of Appeal.

Husband raises the following issues:

> I. Whether the trial court erred in failing to interpret the parties' agreement, which was placed on the record before the divorce master and in which permanent alimony to [Wife] was agreed upon, per the transcript, "with all of the qualifiers that alimony under the law attaches"?
>
> II. Whether the trial court erred in denying [Husband] the opportunity to show at a hearing a change in circumstances of a substantial and continuing nature which warrant modification and/or termination of this alimony order, pursuant to 23 Pa.C.S.A. § 3701(e)?
>
> III. Whether the trial court's error was compounded when its order dated December 6, 2019, permitted a hearing, pursuant to 23 Pa.C.S.A. § 3701(e), on the issue of [Wife's] possible co-habitation but not on a change in [Husband's] circumstances, based on the same language in the transcript of the recitation of the parties' agreement, to wit: "[W]ith all the qualifiers that alimony under the law attaches"?

Husband's Br. at 2.

Husband first claims the court erred when interpreting the parties' agreement. He claims the court could modify the alimony under the agreement because the agreement provided that the alimony was with "all qualifiers that alimony under the law attaches." N.T., 6/13/14, at 4.

"On appeal from an order interpreting a marital settlement agreement, we must decide whether the trial court committed an error of law or abused its discretion." **Stamerro v. Stamerro**, 889 A.2d 1251, 1257 (Pa.Super. 2005). Contract interpretation raises questions of law, which we review *de novo*. **Id.**

Because the parties agreed to alimony, 23 Pa.C.S.A. § 3105 governs. **Egan v. Egan**, 125 A.3d 792, 799 (Pa.Super. 2015). Section 3105 provides, in relevant part:

> **(a) Enforcement.--**A party to an agreement regarding matters within the jurisdiction of the court under this part, whether or not the agreement has been merged or incorporated into the decree, may utilize a remedy or sanction set forth in this part to enforce the agreement to the same extent as though the agreement had been an order of the court except as provided to the contrary in the agreement.
>
> . . .
>
> **(c) Certain provisions not subject to modification.--**In the absence of a specific provision to the contrary appearing in the agreement, a provision regarding the disposition of existing property rights and interests between the parties, alimony, alimony pendente lite, counsel fees or expenses shall not be subject to modification by the court.

23 Pa.C.S.A. § 3105(a), (c).

Therefore, "alimony agreements are 'not [to] be subject to modification by the court' unless the agreement contains 'a specific provision to the contrary.'" ***Rosiecki v. Rosiecki***, 231 A.3d 928, 933 (Pa.Super. 2020) (quoting 23 Pa.C.S.A. § 3105(c)); ***see also Egan***, 125 A.3d at 798 (explaining that "the purpose of [S]ection 3105(c) is to encourage marital settlement agreements by assuring the parties that the courts will enforce the agreements as written").

Here, the trial court refused to modify the parties' alimony agreement because it found no "specific provision" of the agreement allowing it to do so:

> The agreement between the parties is void of a provision specifying that the award of alimony is modifiable, therefore, the Court is without the ability to modify. This interpretation of the statute and agreement is in accordance with the case of ***Egan v. Egan***, holding that 23 Pa.C.S.A. § 3105(c) prohibits judicial modification of an agreement regarding alimony unless the agreement includes "specific language indicating the parties' consent to such review." 125 A.3d 792, 796 (Pa.Super. 2015). Accordingly, the agreed upon alimony award is not modifiable. . . .

Order, filed Feb. 6, 2020, at 1-2.

The court did not err. The parties entered into an agreement where Husband agreed to pay alimony to Wife "with all of the qualifiers that alimony under the law attaches." N.T., 6/13/14, at 4. Counsel stated, "So it's taxable as alimony and it's subject to termination upon cohabitation and all that stuff and, of course, it's terminable upon death." ***Id.*** Counsel further clarified that the alimony was "permanent." ***Id.*** Counsel did not discuss modification of the alimony amount. The agreement discussed only termination of the award, and

contains no provision allowing for modification by the court. There was no express provision providing for court modification.

Husband nonetheless claims that, by agreeing that the alimony was subject to "all the qualifiers that alimony under the law attaches," Wife agreed that the court could modify the amount of alimony under 23 Pa.C.S.A. § 3701. Section 3701 provides that a court may allow alimony when it finds it necessary, and may also modify an alimony order, under certain conditions. 23 Pa.C.S.A. § 3701(a)-(e).

> **Modification and termination.**--An order entered pursuant to this section is subject to further order of the court upon changed circumstances of either party of a substantial and continuing nature whereupon the order may be modified, suspended, terminated or reinstituted or a new order made. Any further order shall apply only to payments accruing subsequent to the petition for the requested relief. Remarriage of the party receiving alimony shall terminate the award of alimony.

23 Pa.C.S.A. § 3701(e).

Section 3701 has no application here because the court did not order alimony. Rather, the parties entered into an agreement that provided for alimony and they orally recited it on the record. That agreement contemplated the termination of alimony; it did not, however, include a "specific provision" allowing the court to modify alimony.

In his last two issues, Husband claims that the court erred in failing to hold a hearing on modification, particularly where it had scheduled a hearing to determine whether Wife was co-habitating. We disagree. The agreement addressed termination of the alimony obligation, including upon co-habitation.

It did not address modification. Once Husband took his co-habitation claim off the table, there was no longer any reason to hold a hearing.

Order affirmed.

Judge Kunselman joins the memorandum and files a concurring statement in which President Judge Emeritus Stevens joins.

President Judge Emeritus Stevens joins the memorandum.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 12/14/2020