J-S38017-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| ELENA REILEY | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| RICHARD REILEY | : | |
| | : | |
| Appellant | : | No. 454 MDA 2020 |

Appeal from the Order Entered February 6, 2020,
in the Court of Common Pleas of Lancaster County,
Civil Division at No(s):  CI-12-12528.

BEFORE:   KUNSELMAN, J., McLAUGHLIN, J., and STEVENS, P.J.E.[*]

CONCURRING STATEMENT BY KUNSELMAN, J.: **FILED DECEMBER 14, 2020**

I fully join the Majority's decision, but I write separately to draw attention to a concerning trend – namely, the incorporation of the alimony statute in the terms of an alimony agreement – and the effect that incorporation has on the modifiability of alimony.  ***See, e.g. Hawk v. Hawk***, 2019 WL 2602186 (Pa. Super. 2019) (non-precedential decision).

I understand incorporating the alimony statute in an alimony agreement may be beneficial.  It can provide clarity, help parties accept a settlement, and thus empower the litigants.  However, parties and their lawyers must be careful when settling the issue of whether alimony will be modifiable.

The statute provides that alimony is modifiable when it is awarded by the court. ***See*** 23 PA.C.S.A. § 3701(e).  Contract law dictates that alimony is

_____

[*] Former Justice specially assigned to the Superior Court.

non-modifiable when the parties reach their own alimony agreement, unless they specifically agree otherwise. ***See, e.g., Rosiecki v. Rosiecki***, 231 A.3d 928, 933 (Pa. Super. 2020). Thus, when parties create a hybrid agreement by incorporating the statute, they must be precise on the issue of modifiability, or else litigation may ensue as it does here and did in ***Hawk***, ***supra.***

In the case at bar, the source of the alimony was the parties' agreement. Thus, the Court rightly concluded the parties' alimony was non-modifiable unless there was a specific provision to the contrary. ***See Rosiecki***, 231 A.3d at 933. This Court was tasked with determining whether the parties' use of the term "with all the qualifiers that alimony under the law attaches…and all that stuff" equated a "specific provision to the contrary." I agree with the Majority that the parties' language here did not equate a specific provision to the contrary, thereby leaving the parties with the default rule; *i.e.* alimony is not modifiable under contract law. Sadly, we had to interpret what the parties meant, which could have been avoided with more careful drafting of the terms of their agreement.

I implore the family law bar and parties in divorce actions to exercise caution in this area. Do not generally refer to the alimony statute; instead, the settlement agreement should specifically state if and when alimony is modifiable, and if and when alimony will terminate.

President Judge Emeritus Stevens joins.