J-S30033-23

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| ALICE M. MULLEN | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| JAMES  G. DONNELLY | : | |
| | : | |
| Appellant | : | No. 2255 EDA 2022 |

Appeal from the Order Entered August 16, 2022
In the Court of Common Pleas of Philadelphia County
Domestic Relations at No(s):  D04038548

BEFORE:  BENDER, P.J.E., LAZARUS, J., and SULLIVAN, J.

MEMORANDUM BY SULLIVAN, J.:                **FILED FEBRUARY 08, 2024**

James G. Donnelly ("Donnelly") appeals from the order denying his motion for relief from the marital settlement agreement ("the Agreement") between him and his former wife, Alice M. Mullen ("Mullen").  We affirm.

Donnelly and Mullen separated after thirty-six years of marriage, and they divorced in 2007.  They entered into the Agreement, which was read into the record and incorporated with their divorce decree.  The Agreement provided in part that Donnelly pay Mullen "$475" per month as alimony "until such time that [Mullen] shall cohabitate and/or remarry[,]" but either party could seek modification of the amount.  N.T., 2/7/07, at 3.  Additionally, the Agreement called for a "50-50" division of Donnelly's monthly payments from his pension from the Southeastern Pennsylvania Transportation Authority

("SEPTA pension"). *Id*. The court indicated Donnelly's total monthly payment to Mullen for alimony and the SEPTA pension was $1,527. *See id*. at 9-10.[1]

In October 2021, Donnelly filed a motion to terminate alimony. Donnelly asserted, in part, that the Agreement was not intended to impose an "indefinite" obligation to pay alimony.[2] Motion to Terminate Alimony, 10/4/21, at unnumbered 2. Mullen responded to Donnelly's motion, and she also filed a petition for contempt alleging that Donnelly violated the Agreement by tendering monthly payments of $1,218.[3]

The trial court held hearings on Donnelly's and Mullen's respective filings. Donnelly and Mullen presented evidence and testimony concerning their incomes, assets, debts, and expenses. Further, Donnelly testified that since he turned sixty-two in approximately 2010, SEPTA stopped paying him a $500 supplement for health care, which reduced his monthly pension payments to $1,485. *See* N.T., 4/12/22, at 16. Donnelly asserted he had

---

[1] At the time of the Agreement, Donnelly stated his SEPTA pension paid him $2,101 per month, which he received by direct deposit to his bank account. *See* N.T., 2/7/07 at 3, 8-10. Although the court previously directed Donnelly's pay Mullen through the court system, it appears that Donnelly paid Mullen through direct deposits to Mullen's bank account. *See* N.T., 4/12/22, at 41. Lastly, we note that we use rounded numbers throughout this decision because the specific amounts of the payments are not at issue.

[2] Donnelly's motion to terminate alimony also stated that the court should terminate his obligation to pay Mullen one-half of his pension. *See* Motion to Terminate Alimony, 10/4/21, at unnumbered 3. Both Donnelly and Mullen were in their seventies at the time of the hearings in this matter, and Donnelly had remarried. *See* Trial Court Opinion, 3/10/23, at 4, 6.

[3] Mullen has represented herself in the trial court and in this appeal.

paid all taxes for his SEPTA pension payments before sending half of the gross monthly payment to Mullen. ***See id***. at 21. Donnelly argued that if the court denied his motion to terminate alimony, it should grant alternative relief by reducing the amount of alimony or having Mullen reimburse him for her share of the taxes he paid for his SEPTA pension. ***See*** N.T., 5/19/22, at 111. Mullen argued for an increase in alimony. ***See id***. at 109.[4]

Donnelly and Mullen filed court-ordered proposed findings of fact and conclusions of law. The trial court thereafter issued its findings of fact and conclusions of law and on August 16, 2022,[5] entered the order denying Donnelly's motion to terminate alimony and his alternative request to reduce the amount of alimony. The order also denied Mullen's contempt petition and her request to increase the amount of alimony. Donnelly timely appealed and, although the court had not ordered him to do so, he filed a Pa.R.A.P. 1925(b) statement asserting, "Did the court err by denying termination/decrease of alimony to [Mullen]?" ***See*** Rule 1925(b) Statement, 9/9/22, at 1. The trial court filed a Rule 1925(a) opinion.

Donnelly raises the following issue for our review:

> Whether the trial court properly found or made an err[or] in judgment by allowing alimony paid by . . . Donnelly to . . . Mullen

---

[4] The transcript included in the certified record appears to identify Mullen as "Mr. Donnelly." N.T., 5/19/22, at 109.

[5] The court dated its order August 11, 2022, but the order was docketed on August 16, 2022.

. . . to continue indefinitely with no ending point and to not incorporate taxes due on the pension payments to [Mullen].

Donnelly's Brief at 11.

We initially note that Donnelly's brief raises, and presents separate arguments concerning, two issues—one claiming error in the trial court's order as to alimony, the other claiming error concerning his payment of all taxes for his SEPTA pension. *See id*.; *see also id*. at 17-21, 22-23. However, Donnelly's Rule 1925(b) statement raised a single issue regarding alimony. *See* Rule 1925(b) Statement, 9/9/22, at 1.

Where an appellant fails to raise an issue in a Rule 1925(b) statement, the issue is waived for the purpose of this appeal. *See* Pa.R.A.P. 1925(b)(4)(vii). This rule of waiver applies even if the trial court did not order the appellant to file a Rule 1925(b) statement. *See Commonwealth v. Snyder*, 870 A.2d 336, 341 (Pa. Super. 2005); *accord Commonwealth v. Johnson*, 1330 EDA 2019, 2019 WL 6211359, at *3 (Pa. Super. Nov. 21, 2019) (unpublished memorandum).[6] Here, although the trial court did not order one, Donnelly voluntarily filed a Rule 1925(b) statement with his notice of appeal. The Rule 1925(b) statement only alleged error in the trial court's conclusion as to alimony and did not raise an issue concerning his payment of taxes for his SEPTA pension. Therefore, Donnelly waived his issue concerning the payment of taxes for his SEPTA pension, and we will not address it in this

---

[6] *See* Pa.R.A.P. 126(b) (stating that unpublished non-precedential decisions of the Superior Court filed after May 1, 2019, may be cited for their persuasive value).

appeal. ***See*** Pa.R.A.P. 1925(b)(4)(vii). Because Donnelly's Rule 1925(b) statement preserved his remaining issue as to alimony, however, we address that remaining issue.

Donnelly issue implicates the trial court's refusal to terminate or modify an agreement to pay alimony. The following principles and standards govern our review:

> A marital support agreement incorporated but not merged into the divorce decree survives the decree and is enforceable at law or equity. A settlement agreement between spouses is governed by the law of contracts unless the agreement provides otherwise. The terms of a marital settlement agreement cannot be modified by a court in the absence of a specific provision in the agreement providing for judicial modification.
>
> When interpreting a marital settlement agreement, the trial court is the sole determiner of facts and absent an abuse of discretion, we will not usurp the trial court's fact-finding function. On appeal from an order interpreting a marital settlement agreement, we must decide whether the trial court committed an error of law or abused its discretion.
>
> Because contract interpretation is a question of law, this Court is not bound by the trial court's interpretation. Our standard of review over questions of law is *de novo* and to the extent necessary, the scope of our review is plenary as the appellate court may review the entire record in making its decision. However, we are bound by the trial court's credibility determinations.

***Rosiecki v. Rosiecki***, 231 A.3d 928, 932-33 (Pa. Super. 2020) (internal citations and indentation omitted).

Donnelly contends that the trial court erred when it failed to consider whether alimony was "needed now in light of what [Mullen had] received" since their divorce. Donnelly's Brief at 21. Donnelly relies heavily on the

statutory bases for awarding alimony and the purposes of alimony to meet the reasonable necessities of a person who is unable to support themselves. *See id*. at 18, 20-21 (discussing the general rule and factors relevant to an award of alimony pursuant to 23 Pa.C.S.A. § 3701(a)-(b) and related case law). He asserts that "alimony for a short period of time was appropriate and agreed to" at the time of the divorce. *Id*. at 21. He concludes that he should not bear a lifetime obligation to pay alimony where Mullen has received more than "what alimony is supposed to serve . . .." *Id*. at 20.

The trial court explained that it refused to terminate Donnelly's obligation to pay alimony because the Agreement clearly required Donnelly to pay alimony until Mullen cohabitated or remarried. *See* Trial Court Opinion, 3/10/23, at 9. The court concluded that absent any evidence that Mullen met either condition, it was "unable to terminate the alimony payments." *See id*. The court noted that the Agreement permitted a party to seek modification and discussed its findings of fact based on the statutory alimony factors it deemed relevant. *See id*. at 12-13. Following its review, the court refused a downward modification of alimony because Donnelly had the present ability to pay and Mullen did not possess sufficient income and property to satisfy her relative needs. *See id*.[7]

_____

[7] The trial court also concluded that Mullen did not establish expenses warranting an increase in the agreed-upon alimony. *See* Trial Court Opinion, 3/10/23, at 13. In her appellee's brief, Mullen requests modifications of the trial court's order. *See* Mullen's Brief at 20. However, Mullen did not appeal
*(Footnote Continued Next Page)*

We conclude Donnelly's arguments merit no relief. The terms of the Agreement provided that Donnelly would pay $425 per month in alimony until Mullen cohabitated or remarried. *See* N.T., 2/7/07, at 3. Donnelly offers no analysis of these terms of the Agreement under contract law. *See* Donnelly's Brief at 17-21; *see also Rosiecki*, 231 A.3d at 932-33 (noting that the law of contracts govern a marital settlement agreement unless the agreement provides otherwise). Donnelly's attempts to avoid the terms of the Agreement by reference to the statutory principles governing alimony are misplaced. Such principles apply to a court's *award* of alimony, not an *agreement* between the parties to pay alimony. *See Woodings v. Woodings*, 601 A.2d 854, 856, 859 (Pa. Super. 1992) (noting that "[a]limony agreements are not governed by the statute but express the mutual agreement of the parties[,]" and holding that the statutory bar to an award of alimony upon cohabitation, did not apply to an alimony agreement unless the parties included specific language referencing cohabitation). Furthermore, Donnelly identifies no abuse of discretion in the trial court's assessment of Mullen's continuing needs for, and Donnelly's current ability to pay, alimony. In short, Donnelly demonstrates no error of law or abuse of discretion in the trial court's refusal to terminate alimony based on the terms of the Agreement.

---

the trial court's order or file a cross-appeal. Therefore, we have no basis to consider Mullen's arguments for modification. *See Osborne v. Carmichaels Mining Machine Repair, Inc.*, 628 A.2d 874, 877 n.3 (Pa. Super. 1993).

Accordingly, we conclude that Donnelly's sole issue preserved for review fails and affirm the trial court's order.

Order affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 2/8/2024