J-S32013-24

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| ERIKA DEFORREST | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| KURT DEFORREST | : | |
| | : | |
| Appellant | : | No. 1002 EDA 2024 |

Appeal from the Order Entered March 15, 2024
In the Court of Common Pleas of Montgomery County Civil Division at
No(s): 2020-18964

BEFORE: LAZARUS, P.J., STABILE, J., and KING, J.

MEMORANDUM BY LAZARUS, P.J.: **FILED MARCH 14, 2025**

Kurt Deforrest (Husband) appeals from the order, entered in the Court of Common Pleas of Montgomery County, finding him in civil contempt for violating a provision of a marital settlement agreement (MSA) that required him to provide health insurance to one of his children. After careful review, we affirm in part and reverse in part.

Husband and Ericka DeForrest (Wife) (collectively, the parties), married on March 3, 2005. They have two children born of the marriage: S.D. (born June 2005) and A.D. (born November 2007). On August 12, 2021, Husband and Wife entered into a MSA. *See* MSA, 8/12/21, at 2. Their divorce was finalized by divorce decree on September 1, 2021. Paragraph 12 of the MSA reads, in relevant part, as follows:

**12. INSURANCE**

*Health Insurance*: Husband and Wife specifically agree that each party will be responsible for their own health insurance following the entry of the [d]ivorce [d]ecree. The parties agree that Husband will maintain the minor children on his health insurance until they have legally emancipated. This is with the understanding that[,] if legally permitted and financially feasible, Husband will maintain the children on his health insurance until they reach the age of 26 or obtain health insurance coverage through their own employment or otherwise[.]

*Id.* at 21.

On December 5, 2023, Husband texted S.D. informing her that she would be removed from his health insurance plan at the end of the year. ***See*** Exhibit F-1, 3/1/24, at 1. On January 1, 2024, Husband removed S.D. from his health insurance coverage. On January 3, 2024, Wife filed a petition for civil contempt, alleging Husband violated paragraph 12 of the MSA. Husband filed an answer to the petition on January 18, 2024.

On March 1, 2024, Husband and Wife appeared, *pro se,* for a hearing on Wife's petition. At the conclusion of the hearing, the trial court entered an order granting Wife's petition for civil contempt, finding Husband had violated paragraph 12 of the MSA. Additionally, the court ordered Husband to provide health insurance for S.D. until she is 29 years old.

Husband filed a timely notice of appeal, and both Husband and the trial court have complied with Pa.R.A.P. 1925(b). On appeal, Husband raises the following issues for our review:

1. Whether the trial court erred, as a matter of law, in determining that [Husband] has an obligation to cover the parties' adult child[, S.D.,] until she is 29 years old when there is no obligation under Pennsylvania law and the [MSA] referred to in

- 2 -

the [c]ourt's [o]rder of March 14, 2024[,] requires [Husband] to cover the child up to the year she turns age 26.

2. Whether the trial court erred, as a matter of law, in its interpretation of paragraph 12 of the [MSA], in failing to read the paragraph in its entirety. The Agreement clearly indicates the parties intended for [Husband] to only cover the children until they were emancipated, but no later than [the] age of 26, which infers a reasonable interpretation to be once the child had an opportunity to obtain employment, [Husband] would no longer be obligated to pay for health insurance for the adult child [S.D.].

3. Whether the trial court abused its discretion in permitting [Wife] to pursue her claim for a [c]ontempt [p]etition when she gave no indication the third-party beneficiary adult child [S.D.] had authorized [Wife] to pursue the contempt against [Husband].

Brief of Appellant, at 5-6.

Our standard of review for appeals from contempt orders "is limited to a determination of whether the trial court abused its discretion." **B.A.W. v. T.L.W.**, 230 A.3d 402, 406 (Pa. Super. 2020). "If a trial court, in reaching its conclusion, overrides or misapplies the law or exercises judgment which is manifestly unreasonable, or reaches a conclusion that is the result of partiality, prejudice, bias, or ill will as shown by the evidence of record, then discretion is abused." **Thompson v. Thompson**, 187 A.3d 259, 263 (Pa. Super. 2018).

In his first issue, Husband argues that he has no legal obligation to continue providing S.D. with health insurance until she turns 29 years old. **See** Brief of Appellant, at 14. He argues that the statute on which the trial

court relied, 40 P.S. § 752.1(a)(1)-(4), applies to insurers, not parents.  *Id.* at 15.  The statute states:

    (a)    **An insurer** that issues, delivers, executes, or renews group health care insurance in this Commonwealth under which coverage of a child would otherwise terminate at a specified age shall, **at the option of the policyholder**, provide coverage to a child of an insured employee beyond that specified age, up through and including the age of 29, **at the insured employe[e]'s expense**, and provided that the child meet[s] all of the following requirements:

        (1)    Is not married.

        (2)    Has no dependents.

        (3)    Is a resident of this Commonwealth or is enrolled as a full-time student at an institution of higher education.

        (4)    Is not provided coverage as a named subscriber, insured, enrollee or covered person under any other group or individual health insurance policy or enrolled in or entitled to benefits under any government health care benefits program, including benefits under Title XVIII of the Social Security Act.

40 P.S. § 752.1(a)(1)-(4) (citations omitted) (emphasis added).

Under Chapter 40, an insurer is defined as "[a] foreign or domestic insurance company, association or exchange, health maintenance organization, hospital plan corporation, professional health services plan corporation, fraternal benefit society[,] or risk-assuming preferred provider organization[.]"  40 P.S. § 908-13(a).

In concluding that Husband was obligated to pay for S.D.'s health insurance until she turned 29, the trial court first noted that paragraph 12 of the MSA provides that, "if legally permitted and financially feasible, Husband

- 4 -

will maintain the children on his health insurance until they reach the age of 26 or obtain health insurance coverage through their own employment or otherwise." Trial Court Opinion, 5/17/24, at 5 (quoting MSA, 8/12/21, at 21). The trial court observed that section 752.1(a) "permits a child to be covered until age 29 provided that the child" satisfies the four enumerated conditions. Trial Court Opinion, 5/17/24, at 6. The trial court found that S.D. was, at the relevant time, "18 years old, unmarried, has no dependents, [] is a Pennsylvania resident attending college on a full-time basis[,] is employed at Walmart as a part-time employee[,] and she does not receive medical benefits from Walmart." *Id.* Consequently, S.D. met "the criteria set forth in [section] 752.1(a)[(1)-(4)] for continuation of health coverage on [Husband's] employer-sponsored health insurance plan." *Id.*

Upon review, we agree with Husband that the trial court's application of section 752.1(a) was erroneous. The statute specifically applies to "**insurer[s]** that deliver[], execute[], or renew[] group health care insurance in" Pennsylvania. 40 P.S. § 752.1(a) (emphasis added). Section 752.1 mandates that such insurers, at the option of the policyholder, extend coverage to an insured's employee child through the child's 29th year, at the insured's expense, provided the child continues to satisfy the four requirements contained in the statute. *Id.* The statute does not, however, impose obligations on non-insurers to provide health insurance until that age. Here, Husband is not an insurer as defined by Chapter 40. *See* 40 P.S. § 908-13(a) (applying to "foreign or domestic insurance company[ies],

association[s] or exchange[s], health maintenance organization[s], hospital plan corporation[s], professional health services plan corporation[s], fraternal benefit societ[ies] or risk-assuming preferred provider organization[s].”). Consequently, we conclude that the trial court erred in its application of section 752.1(a) to Husband. **See Thompson, supra**. Accordingly, we agree with Husband's argument that he has no legal obligation under section 752.1(a) to provide S.D. with health insurance until she reaches the age of 29.

In his second issue, Husband argues that the trial court's interpretation of paragraph 12 of the MSA was erroneous. **See** Brief of Appellant, at 24. Husband argues that paragraph 12 “infers a reasonable interpretation [that] once [S.D.] had an opportunity to obtain employment, [Husband] would no longer be obligated to pay for health insurance for the adult child.” Brief of Appellant, at 5-6.

The trial court noted “that during his testimony at the March 1, 2024[,] hearing in this matter, [Husband] argued [the] ambiguity of paragraph 12[,] . . . however, [Husband] dropped this argument.” Trial Court Opinion, 5/17/2024, at 8.[1] Instead of addressing K.D.'s “reasonable interpretation”

_____

[1] Pennsylvania Rule of Appellate Procedure 1925(a) provides that:

> [U]pon receipt of the notice of appeal, the judge who entered the order giving rise to the notice of appeal, if the reasons for the order do not already appear of record, shall within the period set forth in Pa.R.A.P. 1931(a)(1) file of record at least a brief opinion

*(Footnote Continued Next Page)*

argument, the trial court focused on paragraph 12's "legally permitted and financially feasible" language. First, the court found that the MSA obligates Husband to provide health insurance until S.D. is 26 years old. **See id.** at 7. Further, the court found that section 752.1(a) obligates Husband to extend health coverage to S.D. until she is 29 years old. **See id.** at 8. Additionally, the trial court found that the financial feasibility prong was "not an issue" because Husband "testified that he is employed full-time as a police officer earning an annual salary of nearly $100,000.00, has never filed for bankruptcy, owns his own home, which is not in foreclosure, has never had his vehicle repossessed, and has a two-income household."[2] **Id.** at 6 (citing

_____

> of the reasons for the order, or for the rulings or other errors complained of, or shall specify in writing the place in the record where such reasons may be found.

Pa.R.A.P. 1925(a).

Rule 1925(a) "facilitate[s] appellate review of a particular trial court order. Additionally, however, the rule fulfills an important policy consideration by providing to disputing parties, as well as to the public at large, the legal basis for a judicial decision." **Commonwealth v. DeJesus**, 868 A.2d 379, 383 (Pa. 2005) (quoting **Commonwealth v. Williams**, 732 A.2d 1167, 1192 (Pa. 1999) (Castille, J. concurring)). If a trial court fails to address an issue raised in an appellant's Rule 1925(b) statement, ordinarily "the remedy is a remand to the trial court with directions that an opinion be prepared and returned to the appellate court." **Scampone v. Grane Healthcare Co.**, 11 A.3d 967, 973 (Pa. Super. 2010) (quotations omitted). However, a remand "is unnecessary as long as the lack of an opinion does not impact upon our ability to conduct appellate review." **Id.** Here, although the trial court failed to address Husband's "reasonable interpretation" argument, our ability to conduct appellate review is not impeded. **See Scampone**, **supra**.

[2] Husband appears to have remarried sometime after the parties divorced. **See** N.T., Contempt Hearing, 3/1/24, at 35.

N.T., Plaintiff's Petition for Contempt in Divorce, 3/1/2024, at 35). The trial court then cited Wife's testimony stating that Husband, as a police officer, pays lower health insurance premiums than people who work in the private sector. *Id.* at 7. The trial court also noted that Husband testified that it would "merely cost [him] fifteen (15) percent out-of-pocket (approximately $167.00 additional monthly cost) to continue to insure S.D. on his employer-sponsored health insurance." *Id.* (citing N.T., Contempt Hearing, 3/1/24, at 28).

The "interpretation of a contract is a question of law." *CM Goat, LLC v. Valdez*, 318 A.3d 392, 397 (Pa. Super. 2024). This Court's standard of review is *de novo*, and our scope of review is plenary. *Vinvulum, Inc. v. Goli Techs., LLC*, 310 A.3d 231 (Pa. 2024). "In interpreting a contract, the ultimate goal is to ascertain and give effect to the intent of the parties as reasonably manifested by the language of their written agreement." *Humberston v. Chevron U.S.A., Inc.*, 75 A.3d 504, 510 (Pa. Super. 2013). A marital settlement agreement is governed by the law of contracts unless the agreement states otherwise, and "[t]he terms of a marital settlement agreement cannot be modified by a court in the absence of a specific provision in the agreement providing for judicial modification." *Rosiecki v. Rosiecki*, 231 A.3d 928, 932-33 (Pa. Super. 2020). When a contract's terms are clear and unambiguous, "the Court need only examine the writing itself to give effect to the parties['] understanding." *Habjan v. Habjan*, 73 A.3d 630, 640 (Pa. Super. 2013).

The relevant portion of paragraph 12 reads as follows:

The parties agree that [Husband] will maintain the minor children on his health insurance until they have legally emancipated. This is with the understanding that if legally permitted and financially feasible, [Husband] will maintain the children on his health insurance until they reach the age of 26 or obtain health insurance coverage through their own employment or otherwise[.]

MSA, 8/12/21, at 21.

Husband proffers that, under paragraph 12, "[n]ot only must the insurance be financially feasible to [Husband][,] but it must be proven that the child cannot obtain health insurance coverage through their own employment or otherwise." Brief of Appellant, at 29. Husband argues that paragraph 12 "infers a reasonable interpretation [that] once [S.D.] had an opportunity to obtain employment, [Husband] would no longer be obligated to pay for health insurance for the adult child." *Id.* at 5-6. We disagree.

The plain language of paragraph 12 obligates Husband to provide health insurance to his children until they are legally emancipated. Whether a child is legally emancipated is a question of fact determined by the totality of the circumstances. *See Castaldi v. Castaldi-Veloric*, 993 A.2d 903, 911 (Pa. Super. 2010). This Court, however, need not determine whether S.D. is legally emancipated. The parties agreed to the emancipation clause obligation "with the understanding" that Husband's obligation, if legally permissible and financially feasible, would extend *until* the children reach the age of 26 *or* obtain their own health insurance through employment or some other means. *See Habjan, supra*.

Paragraph 12 makes no reference to the children's "opportunity" to obtain employment or health insurance.  Rather, Paragraph 12 clearly states that Husband's obligation ends only when the children reach age 26 or obtain their own health insurance, or if providing health insurance is no longer legally permissible and financially feasible.  Reading Husband's "opportunity" argument into paragraph 12 would require our Court to modify the plain language of the MSA.  **See Rosiecki, supra**.  Because paragraph 12 is clear that Husband is obligated to provide health insurance **at least until** his children are legally emancipated, **and** until they reach 26 years old or obtain their own health insurance, we hold that paragraph 12 obligates Husband to provide S.D. health insurance until S.D. is 26 years old or obtains her own health insurance.  **See Blumenstock, supra**.

In his third issue, Husband argues that the trial court abused its discretion by permitting Wife to pursue a contempt petition against Husband without first receiving authorization from S.D., a third-party beneficiary to the MSA.  **See** Brief of Appellant, at 19-20, 22-23.  This claim is waived.

"Issues not raised in the trial court are waived and cannot be raised for the first time on appeal."  Pa.R.A.P. 302(a).  A party must make a specific objection at the appropriate time before the trial court in order to preserve an issue for appeal.  **In re S.C.B.**, 990 A.2d 762, 767 (Pa. Super. 2010).  Our Court "will not consider a claim which was not called to the trial court's attention at a time when any error committed could have been corrected." **Interest of L.V.**, 209 A.3d 399, 418 (Pa. Super. 2019).

Here, Husband did not raise the issue in his answer to Wife's contempt petition or raise the issue during the contempt hearing. ***See generally***, N.T. Contempt Hearing, 3/1/24; ***see also In re S.C.B., supra***. Rather, Husband first raised the issue in his Rule 1925(b) statement, which was insufficient to preserve it for appellate review. ***See Cabot Oil and Gas Corp. v. Speer***, 241 A.3d 1191, 1196 (Pa. Super. 2020) (recognizing issue cannot be raised for first time in Rule 1925(b) statement). Because Husband did not raise this issue below, at the first opportunity to do so, it is waived. ***See*** Pa.R.A.P. 302(a); ***Interest of L.V., supra***.

Order affirmed in part and reversed in part. Jurisdiction relinquished.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 3/14/2025