J-S13016-18

2018 PA Super 122

| TRICIA A. THOMPSON | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| ASHLEY N. THOMPSON | : | |
| | : | |
| Appellant | : | No. 647 WDA 2017 |

Appeal from the Order Entered February 15, 2017
In the Court of Common Pleas of Clarion County Domestic Relations at
No(s):  2015-D00104

BEFORE:  GANTMAN, P.J., SHOGAN, J., and MUSMANNO, J.

OPINION BY SHOGAN, J.:                              **FILED MAY 08, 2018**

Appellant, Ashley N. Thompson, appeals from the February 15, 2017

order entered in the Clarion County Court of Common Pleas.  After careful

review, we reverse the order, vacate the trial court's denial of *in forma*

*pauperis* status, and remand with instructions.

The trial court set forth the relevant facts of this case as follows:

> [Appellant] is the mother of two young children. In 2015,
> she placed the children in the custody of her mother, [Tricia A.
> Thompson, ("Appellee")], who then sought child support.
> [Appellant] was employed and the Clarion County Domestic
> Relations Office applied the support guidelines and calculated
> [Appellant's] monthly support obligation at $108.  This court
> issued an Order for support.  Soon[, Appellant] fell behind.  The
> Domestic Relations Office took enforcement action and eventually
> filed petitions for civil and indirect criminal contempt in November
> 2015.
>
> Following resolution of those petitions in 2016, this court
> ordered [Appellant] to remain current with her monthly support
> obligation of $108 and to pay an additional amount of $30 per

month toward arrears, for a total monthly payment of $138. [Appellee] requested to terminate the support case, but [Appellant] still owed arrears. This court then issued an Order on October 11, 2016 directing [Appellant] to continue to pay $138 per month; all toward the arrears. [Appellant] failed to remain current and so the Domestic Relations Office filed another contempt petition, stating the amount of the arrearages was $1,978.18. This court scheduled a hearing for February 14, 2017 and appointed attorney Gina Bianco to represent [Appellant].

On November 10, 2016, attorney John Troese entered his appearance for [Appellant]. There were no further filings until February 1, 2017, when attorney Troese filed a Motion to Withdraw Contempt and for Continuance of Hearing. This court issued an Order on February 2, 2017[,] denying the Motion to Withdraw Contempt [because] the court could not order the Domestic Relations Office to withdraw its petition. The court also denied the Motion for Continuance because the hearing had been scheduled, and Mr. Troese had known it was scheduled, for almost two months. Attorney Bianco, who had previously represented [Appellant], was available to represent her at the next hearing if attorney Troese was unable to attend.

On February 14, 2017, prior to the hearing, a conference officer from the Domestic Relations Office conducted a conference with [Appellant] and her attorney Gina Bianco and they reached an agreement. [Appellant] agreed she would remain current with her monthly payments of $138. She also agreed she was in [civil] contempt because she had failed to make the payments as previously ordered. She also agreed if she failed to remain current she would serve a sentence of incarceration of six months. The parties stated the terms of their agreement in a written Explanation of Rights and Procedures form dated February 14, 2017, which is part of the record in this case.

The court commenced the hearing on February 14, 2017[,] that had been scheduled on the [civil] contempt petition and counsel for the Domestic Relations Office and [Appellant] stated they had reached an agreement. They explained the terms of their agreement and presented the Explanation of Rights and Procedures form signed by [Appellant]. [Appellant] confirmed on the record that she had read and signed the form and she understood and agreed with its contents. She informed the court she was working and she had the ability to make the payments of

$138 per month[,] and she would continue to work and be able to pay in the future. She stated she knew if she failed to make the payments she would serve a sentence of six months [of] incarceration. A transcript has been prepared and is part of the record. This court issued an Order dated February 15, 2017 [("the February 15, 2017 order")], which incorporates the terms of the parties' agreement, including a suspended sentence of six months incarceration. [Appellant] has not been incarcerated for failure to comply with [the February 15, 2017 order].

On February 28, 2017, attorney Troese filed a Praecipe to Proceed In Forma Pauperis for [Appellant], stating she was unable to pay the costs. The court issued an Order on March 8, 2017 denying the application because two weeks earlier, on February 14, 2017, [Appellant] stated she was employed and was able to make payments of $138 per month. Attorney Troese filed another Praecipe to Proceed In Forma Pauperis on March 16, 2017. He also filed a Notice of Appeal on that date. The court issued an Order on March 21, 2017 directing [Appellant] to submit the required form Affidavit to support her request to proceed *in forma pauperis*. She submitted an Affidavit and another Order was issued on April 26, 2017 granting *in forma pauperis* status for the purpose of obtaining copies of the record.

Trial Court Opinion, 6/8/17, at 2-5. Both Appellant and the trial court have complied with Pa.R.A.P. 1925.

On appeal, Appellant raises the following issues for this Court's consideration:

[1.] Was [Appellant] guilty of willful contempt?

[2.] Did the [domestic relations] court fail to follow rules set forth by the Supreme Court in addressing the type of contempt in this case?

[3.] Is a suspended sentence a proper sanction for contempt of a support order[?]

[4.] Is the court's failure to set a purge amount an error of law[?]

- 3 -

[5.] Did the court fail to follow the Rules of court when it failed to allow [Appellant] to proceed In Forma Pauperis[?]

Appellant's Brief at 2.[1]

Our standard of review is well settled:

> This court's review of a civil contempt order is limited to a determination of whether the trial court abused its discretion. If a trial court, in reaching its conclusion, overrides or misapplies the law or exercises judgment which is manifestly unreasonable, or reaches a conclusion that is the result of partiality, prejudice, bias or ill will as shown by the evidence of record, then discretion is abused.

> In order to establish that a party is in civil contempt, there must be proof by a preponderance of the evidence that the contemnor had notice of the specific order that he or she is alleged to have disobeyed, that the act that constituted the contemnor's violation was volitional, and that the contemnor acted with wrongful intent.

***Cunningham v. Cunningham***, ____ A.3d ____, ____, 2018 PA Super 64, at *4-*5 (Pa. Super. March 20, 2018) (internal citations and quotation marks omitted).

After endeavoring to discern which of Appellant's five issues are argued in the three argument sections of her brief, we conclude that there are two overarching claims: 1) whether the trial court erred in its acceptance of the

---

[1] For purposes of our disposition, we have renumbered Appellant's issues. Additionally, we note with displeasure Appellant's violation of Pennsylvania Rule of Appellate Procedure 2119. The Rule provides, in pertinent part, "[t]he argument shall be divided into as many parts as there are questions to be argued[.]" Pa.R.A.P. 2119(a). However, because Appellant's violation does not substantially impede appellate review, we decline to quash the appeal. ***See In re Ullman***, 995 A.2d 1207, 1211 (Pa. Super. 2010) ("This Court may quash or dismiss an appeal if the appellant fails to conform to the requirements set forth in the Pennsylvania Rules of Appellate Procedure.").

stipulation subjecting Appellant to incarceration without due process under Pa.R.C.P. 1910.25-1 through 1910.25-5; and 2) whether Appellant should have been afforded *in forma pauperis* status. We will address these issues in turn.

First, we determine if the trial court erred when it incorporated stipulations ("the agreement"), which included incarceration, into the February 15, 2017 order. Appellant argues that the stipulated order, which incorporated the agreement, is unenforceable because suspended sentences are illegal, and the order subjected her to incarceration without due process and a hearing to determine both her ability to pay and a purge condition. Appellant's Brief at 6-12.

Pennsylvania Rule of Civil Procedure 1910.25-5 provides as follows:

(a) No respondent may be incarcerated as a sanction for contempt without an evidentiary hearing before a judge.

(b) The court shall make a finding, on the record, as to whether the respondent, based upon the evidence presented at the hearing, does or does not have the present ability to pay the court-ordered amount of support.

(c) An order committing a respondent to jail for civil contempt of a support order shall specify the conditions the fulfillment of which will result in the release of the respondent.

Pa.R.C.P. 1910.25-5(a)-(c).

Contempt for noncompliance with a support order is punishable by any one or more of the following:

(1) Imprisonment for a period not to exceed six months.

- 5 -

> (2) A fine not to exceed $1,000.
> (3) Probation for a period not to exceed one year.
>
> **(b) Condition for release.--**An order committing a defendant to jail under this section shall specify the condition the fulfillment of which will result in the release of the obligor.

23 Pa.C.S. § 4345(a) and (b). Thus, Appellant is correct in her assertions that a suspended sentence is not one of the enumerated punishments, and that 23 Pa.C.S. § 4345(b) requires a purge condition. Moreover, the statute requires the trial court to determine if the alleged contemnor has the **present** ability to pay; it does not contemplate **future** ability to pay or provide for incarceration if there is an inability to pay in the future. In other words, the agreement removes from consideration a subsequent change in circumstances. Although the trial court stated in its Pa.R.A.P. 1925 opinion that a change in Appellant's circumstances would trigger the trial court's determination of what amount Appellant could pay,[2] this codicil was offered after the agreement was executed, and this modification language is not contained in the agreement.

The law is clear that an indefinitely suspended sentence is not a sentencing alternative and is illegal. *Commonwealth v. Joseph*, 848 A.2d 934, 941 (Pa. Super. 2004) (citations omitted). "It is the uncertainty surrounding such sentences, and the disorder they can engender, that

_____

[2] Trial Court Opinion, 6/8/17, at 9-10.

prompts their prohibition." *Id.* at 941-942. "An indefinitely suspended sentence is not a sanctioned sentencing alternative." *Id.* at 942. Although *Joseph* dealt with sentencing in a criminal matter, we conclude that its rationale is instructive in our review of a sentence imposed for civil contempt.[3] After review, we conclude that the February 15, 2017 order incorporating the agreement for a suspended sentence is illegal as it is not an option provided in 23 Pa.C.S. § 4345.

In addition to our conclusion that the indefinitely suspended sentence is illegal, we further find the February 15, 2017 order incorporating the agreement provided no purge amount and contained no mechanism through which the trial court could consider Appellant's present ability to pay. Thus, in addition to imposing an illegal sentence, the February 15, 2017 order incorporating the agreement violated Appellant's right to due process. *See* Pa.R.C.P. 1910.25-5 (enumerating the rights and procedure to be followed when imposing incarceration for civil contempt). Accordingly, we reverse the

_____

[3] We note that the Clarion County Domestic Relations Section, a participant in this matter, cites to the fact that Appellant had counsel and consented to the agreement. Appellee's Brief at 9-15. We conclude that this consent is of no moment because Appellant could not consent to an illegal sentence. *See* *Commonwealth v. Gentry*, 101 A.3d 813, 819 (Pa. Super. 2014) (stating that despite entering a plea bargain, a defendant cannot consent to an illegal sentence).

February 15, 2017 order incorporating the agreement and imposing an indefinitely suspended sentence.[4]

Next, Appellant claims that the trial court erred when it denied her petition to proceed *in forma pauperis*. Appellant's Brief at 12. When a counseled *praecipe* to proceed *in forma pauperis* is filed, the granting of such status is administrative. "If the party is represented by an attorney, the prothonotary shall allow the party to proceed *in forma pauperis* upon the filing of a *praecipe* which contains a certification by the attorney that he or she is providing free legal service to the party and believes the party is unable to pay the costs." Pa.R.C.P. 240(d)(1). If the trial court does not believe the averments in a *praecipe* to proceed *in forma pauperis*, the court is required to hold a hearing to determine the veracity of the allegations contained in the *praecipe*. ***Crosby Square Apartments v. Henson***, 666 A.2d 737, 738 (Pa. Super. 1995) (citation omitted). A trial court's resolution of a *praecipe* to proceed *in forma pauperis* will be reversed only if the court abused its discretion or committed an error of law. ***Id.*** (citation omitted).

On February 28, 2017, Appellant filed a counseled *praecipe* to proceed *in forma pauperis* pursuant to Pa.R.C.P. 240(d), and counsel certified that he was providing free legal services as Appellant was unable to pay. The

---

[4] Appellant, however, remains liable for amounts due and owing on her child support obligations, and nothing in this opinion precludes the trial court from utilizing legal enforcement measures to insure payments are made on those obligations.

Prothonotary did not confer *in forma pauperis* status; rather, on March 8, 2017, the trial court denied Appellant's *praecipe* because "[Appellant] would not have incurred certain costs if she had made regular support payments as ordered." Order, 3/8/17.

Appellant filed a second *praecipe* to proceed *in forma pauperis* on March 16, 2017. On March 21, 2017, the trial court denied the *praecipe* and directed Appellant to complete and submit another *praecipe* to proceed *in forma pauperis*. Order, 3/21/17.

On March 28, 2017, Appellant filed an affidavit in conformance with Pa.R.C.P. 240 claiming that she was unable to pay the fees and costs necessary to obtain counsel. This affidavit contained a statement of assets and liabilities, and it included a paystub from her employer revealing a weekly income of $21.37, and a year-to-date income as of March 23, 2017, of $938.59. On April 11, 2017, Appellant filed a motion for an extension of time in which to file her Pa.R.A.P. 1925(b) statement. In this motion, Appellant also averred the trial court denied her *praecipe* to proceed *in forma pauperis* despite her lack of income and resources. Motion, 4/11/17, at ¶¶ 4-15.

On April 26, 2017, the trial court filed an order which stated as follows:

> AND NOW, April 26, 2017, [Appellant] has filed a Praecipe to Proceed In Forma Pauperis and an application and affidavit. She has also filed a Motion to Extend Time [to file a concise statement of] Errors Complained of on Appeal, which the court has granted. In the Motion to Extend Time, [Appellant] states she is seeking in forma pauperis status in order to obtain copies of the record.

> Therefore, it is ORDERED that [Appellant] shall proceed in forma pauperis for the sole purpose of obtaining copies of the record in this case.
>
> The Statement of Matters Complained of shall now be filed by [Appellant] within fourteen (14) days of the entry of this order.

Order, 4/26/17.

> Our Rules of Civil Procedure provide, in relevant part, as follows:
>
> (d)(1) If the party is represented by an attorney, the prothonotary shall allow the party to proceed *in forma pauperis* upon the filing of a *praecipe* which contains a certification by the attorney that he or she is providing free legal service to the party and believes the party is unable to pay the costs.

Pa.R.C.P. 240(d)(1).

As noted above, counsel for Appellant certified that he was providing free legal services because Appellant was unable to pay, and Appellant filed an affidavit providing her income and lack of financial wherewithal. The trial court granted Appellant's *praecipe* only to the extent that it provided her with copies of the record. However, Appellant's requests for *in forma pauperis* status were never limited to the provision of copies. *Praecipe*, 2/28/17; *Praecipe*, 3/16/17. The trial court's conclusion in its March 8, 2017 order, wherein it stated that because the costs incurred were due solely to Appellant's failure to make payments, was an abuse of discretion because the trial court did not hold a hearing or make any findings. Moreover, the trial court's subsequent orders denying *in forma pauperis* status failed to provide any rationale, and these denials were ordered without a hearing to determine the veracity of Appellant's assertion concerning her inability to pay or

- 10 -

counsel's statement that he was providing representation without compensation. Accordingly, we vacate the trial court's order denying *in forma pauperis* status, and remand for the Prothonotary of Clarion County to grant Appellant *in forma pauperis* status based on counsel's averments and Appellant's affidavit.

For the reasons set forth above, we reverse the February 15, 2017 order incorporating the agreement and imposing an indefinitely suspended sentence, and we vacate the orders denying Appellant *in forma pauperis* status.

February 15, 2017 order reversed. March 8, 2017, March 21, 2017, and April 26, 2017 orders denying Appellant *in forma pauperis* status vacated. Case remanded with instructions. Jurisdiction relinquished.


Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary


Date: 5/8/2018