J-A16011-21

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| KIMBERLY A. JORDAN | : | IN THE SUPERIOR COURT OF |
|---|---|---|
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| ALEXANDER A. JORDAN, JR. | : | |
| | : | |
| Appellant | : | No. 74 MDA 2021 |

Appeal from the Order Entered December 28, 2020,
in the Court of Common Pleas of Columbia County,
Civil Division at No(s): DR-00437-11.

BEFORE: KUNSELMAN, J., McCAFFERY, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY KUNSELMAN, J.:  **FILED: OCTOBER 19, 2021**

Alexander Jordan, Jr. (Father) appeals the order obligating him to continue paying child support to Kimberly Jordan (Mother) on behalf of their 19-year-old son (N.J.), who has special needs. Pursuant to 23 Pa.C.S.A. § 4321(3) and Pennsylvania Rule of Civil Procedure 1910.19(e)(4), the special master determined that N.J.'s autism diagnosis constituted a sufficient basis to rebut the presumption that Father's support obligation should end upon N.J.'s majority. The trial court adopted the master's recommendation, and Father appealed. After review, we affirm.

The relevant factual and procedural history may be abbreviated as follows: The instant litigation began in June 2020 when the Domestic Relations Office for Montour and Columbia Counties conducted an

_____

[*] Former Justice specially assigned to the Superior Court.

administrative review to determine whether N.J. was emancipated for support purposes, as N.J. had turned 18-years-old and graduated high school – *i.e.*, reached majority. The review came in the form a petition for modification, brought by the domestic relations office. The office held a conference on August 12, 2020 and recommended that support continue. Father appealed to the special master for a *de novo* hearing, which was held on September 24, 2020.

At the special master's hearing, Mother represented herself and Father appeared with counsel. After testimony from the domestic relations officer and the parents, the special master determined that N.J.'s autism rendered him mentally unable to engage in profitable employment. Thus, the special master found that Mother rebutted the presumption that Father's support obligation should end upon N.J.'s majority, and recommended that Father's child support obligation should continue. Father then filed exceptions before the trial court. The court denied those exceptions on December 16, 2020, and it entered its order on December 28, 2020. Father timely filed this appeal. He presents the following issues for our review:

1. Did the trial court commit an error of law in determining that the burden of proof had been met by [Mother] in determining that the subject child has autism that is disabling?

2. Did the trial court commit an abuse of discretion in determining that the burden of proof had been met by the [Mother] with competent evidence that was presented at the special master's hearing that the subject child's autism is disabling?

3. Did the trial court commit an error of law in determining that the [Mother] has the burden of proof rather than the subject child who has reached the age of majority?

4. Did the trial court commit an error of law in allowing hearsay evidence to be admitted over objection at the special master's conference?

5. Did the trial court commit an abuse of discretion in allowing the special master to review evidence which was ruled to be inadmissible yet considered by the special master in formulating [its] decision?

Father's Brief at 4-5.

Before we address the merits of these issues, we observe Father's circumvention of our Rules of Appellate Procedure. Rule 2119(a) provides: "The argument shall be divided into as many parts as there are questions to be argued; and shall have at the head of each part—in distinctive type or in type distinctively display—the particular point treated therein, followed by such discussion and citation of authorities as are deemed pertinent." Pa.R.A.P. 2119(a). "This Court may quash or dismiss an appeal if the appellant fails to conform to the requirements set forth in the Pennsylvania Rules of Appellate Procedure." *See Thompson v. Thompson*, 187 A.3d 259, 263 n.1 (Pa. Super. 2018) (citation omitted).

Instantly, the argument section of Father's Brief addresses his five questions contemporaneously and without demarcation, thereby making the specifics of his argument somewhat difficult to comprehend. *See generally* Father's Brief at 9-14; *see also C.H.L. v. W.D.L.,* 214 A.3d 1272, 1278 (Pa. Super. 2019) ("When a court has to guess what issues an appellant is

appealing, that is not enough for a meaningful review.") (citation omitted). However, Because Father's circumvention of Rule 2119 has not substantially impeded our review, we decline to quash.

Turning now to the substantive discussion, we begin with our standard and scope of review concerning child support matters. Our review of the trial court's order is limited to determining whether the trial court abused its discretion and whether there is insufficient evidence to support the order. ***Kimock v. Jones***, 47 A.3d 850, 853-854 (Pa. Super. 2012). We have explained:

> When evaluating a [child] support order, this Court may only reverse the trial court's determination where the order cannot be sustained on any valid ground. We will not interfere with the broad discretion afforded the trial court absent an abuse of discretion or insufficient evidence to sustain the support order. An abuse of discretion is not merely an error of judgment; if, in reaching a conclusion, the court overrides or misapplies the law, or the judgment exercised is shown by the record to be either manifestly unreasonable or the product of partiality, prejudice, bias or ill will, discretion has been abused. In addition, we note that the duty to support one's child is absolute, and the purpose of child support is to promote the child's best interests.

***T.M.W. v. N.J.W.***, 227 A.3d 940, 944 (Pa. Super. 2020) (citation omitted).

Moreover, we defer to the factfinder on matters concerning the credibility of witnesses and the weight of the evidence:

> [W]ith regard to issues of credibility and weight of the evidence, this Court must defer to the trial judge who presided over the proceedings and thus viewed the witnesses first hand.

> When the trial court sits as fact finder, the weight to be assigned the testimony of the witnesses is within its exclusive province, as are credibility determinations, [and] the court is free to choose to believe all, part, or none of the evidence presented. [T]his Court is not free to usurp the trial court's duty as the finder of fact.

*Mackay v. Mackay*, 984 A.2d 529, 533 (Pa. Super. 2009) (internal quotations and citations omitted).

Finally, insofar as Father's appeal raises a question of law, we observe that our standard of review is *de novo* and our scope of review is plenary. *Hanrahan v. Bakker*, 186 A.3d 958, 966 (Pa. 2019).

The nucleus of Father's appeal involves the rebuttable presumption that a parent's support obligation ends upon the child's majority. In Pennsylvania, "the duty to support a child generally ceases when [he or she] reaches the ages of majority, which is defined as either [18-years-old] or when [he or she] graduates high school, whichever comes later." *M.E.W. v. W.L.W.*, 240 A.3d 626, 634 (Pa. Super. 2020) (quoting *Style v. Shaub*, 955 A.2d 403, 408 (Pa. Super. 2008)). When, however, the child has some mental or physical condition that prevents self-support or emancipation, the parental obligation continues under 23 Pa.C.S.A. § 4321(3) ("Parents may be liable for the support of their children who are 18 years of age or older."). *M.E.W.*, 240 A.3d at 634 (citations omitted); *see also* Pa.R.C.P. 1910.19(e)(4), *infra*.

To determine if the child's specials needs are a proper basis for continuing support, the test is "whether the child is physically and mentally able to engage in profitable employment and whether employment is available

- 5 -

to that child at a supporting wage." **M.E.W.**, 240 A.3d at 634-35 (citation omitted). Importantly, we have also said the "adult child bears the burden of proving the conditions that make it impossible for [] him to be employed." **Id.** at 635 (citing **Verna v. Verna**, 432 A.2d 630, 632 (Pa. Super. 1981)).

Father's first three appellate issues all pertain to the burden of proof. We address these issues contemporaneously given their interconnected nature, and given Father's decision to brief the matters together. In essence, Father questions whether Mother properly rebutted the presumption that Father's obligation should end upon N.J.'s majority. But more specifically, Father raises two discrete challenges. First, Father argues Mother could not seek a continuation of support, because N.J. had to be the petitioning party. Second – and in the alternative – Father claims that even if Mother could seek the continuation, her testimony and evidence was not competent to rebut the presumption, because N.J. did not testify.

In its opinion accompanying its order, the trial court stated:

> Father in this case attempts to foist the burden of proof on the child, N.J., but N.J. is not a party and, quite frankly, it is found that his disability is such that he does not have the capacity to understand niceties such as burden of proof. Further, he has never had a job and has no income such that he could hire a lawyer to assist. The testimony demonstrates that N.J. is indigent. We find that [Mother] has the burden and we find that she has sustain that burden based on the evidence and findings outlined herein.

Opinion and Order, 12/16/2020, at 2.

Following Father's concise statement of errors complained of on appeal, the trial court clarified: "In the end, all that matters is that the burden of proof was not placed on [Father]." **See** Trial Court Opinion, 3/3/21, at 1. But Father's argument is not that the trial court erroneously placed the burden of proof on him. Rather, Father argues the trial court erred in "determining that the burden of proof had been met by a third party, in this case [Mother]." **See** Father's Brief at 13. Relying on **Verna**, **supra**, Father argues that it falls on the adult child – as opposed to the obligee parent – to rebut the presumption that a parent's support ends upon the majority-age-child's high school graduation. **See id.** at 10.

In **Verna**, an adult daughter with special needs petitioned the court for support from her father. The child was 24-years-old, and she struggled with epilepsy. She had graduated high school, got a job and even her own apartment. However, her medical needs prevented her from earning a livable wage, and so she sought continued support. **Verna,** 431 A.2d at 632. This Court held that, while there was a presumption that the duty of support ends when a child reaches majority, the adult child with special needs may rebut that presumption. **Id.** (Citation omitted).

In the instant matter, Father interprets **Verna** to mean that **only** an adult child may bring such an action. But that was not our holding then, and such an interpretation is particularly inconsistent with both the current iteration of our support law under Chapter 43 of the Domestic Relations Code, as well as the corresponding Rules of Civil Procedure.

As mentioned above, our child support law provides that "parents may be liable for the support of their children who are 18 years of age or older." 23 Pa.C.S.A. § 4321(3). In conjunction with Rule of Procedural 1910.19(e)(4), this provision applies to not only those 18-year-olds who have yet to graduate from high school, but also to those adult children with special needs. *See e.g.*, *Style*, *supra*. Importantly, Section 4341(b) provides: "Any person caring for a child shall have standing to commence or continue an action for support of that child regardless of whether a court order has been issued granting that person custody of the child." Moreover, the Uniform Interstate Family Support Act defines "child" as "an individual, *whether over or under the age of majority*, who is alleged to be owed a duty of support by the individual's parent or is alleged to be the beneficiary of a support order directed to the parent." *See* 23 Pa.C.S.A. § 7101.1 (emphasis added). Here, Mother alleged N.J. had special needs; that is, Mother alleged N.J. constituted a majority-aged individual to whom a duty of support was owed. As Mother provided care for N.J., she had the proper authority to continue the action on his behalf, pursuant to Section 4341(b).

Furthermore, we must observe the procedural posture of this case. The domestic relations office triggered the instant litigation when it conducted an administrative review to see if N.J. would be emancipated upon his high school graduation. *See* N.T. 9/24/20, at 4. That review came in the form of a petition for modification of child support; the petitioner was technically the domestic

relations office, not Mother and not N.J. *Id.* This procedure was in accordance with Rule 1910.19(e)(4), which provides:

> **(e)** Within six months prior to the date a child who is subject of a child support order reaches eighteen (18) years of age, the domestic relations section shall issue an emancipation inquiry and notice to the obligee, with a copy to the obligor, seeking the following information:
>
> […]
>
> (4) any special needs of the child which may be a basis for continuing support for that child beyond the child's eighteenth birthday or graduation from high school, whichever is last to occur.

Pa.R.C.P. 1910.19(e)(4).

The disposition of the instant case is not unique. In our jurisprudence involving continued support for an adult child with special needs, such a procedural posture – obligee parent versus obligor parent – is perhaps the most common. *See, e.g., Kotzbauer v. Kotzbauer*, 937 A.2d 487 (Pa. Super. 2007); *Style v. Shaub*, 955 A.2d 403 (Pa. Super. 2008). However, such a posture is not the only way such cases arrive before a tribunal.

For example, in *M.E.W.*, *supra*, the father's obligation to support the adult child had ceased, but he still paid support for the minor children. The mother sought to add the adult child back onto the father's support case. Procedurally, the mother filed a petition for support modification, but she also filed a complaint in support on behalf of the adult child. The procedural disposition was irrelevant, and the petition and the complaint were consolidated. *M.E.W.*, 240 A.3d at 632.

Ultimately, **Verna** only stands for the proposition that the **proponent** of continued support of an adult child bears the burden of rebutting the presumption. In **Verna**, the proponent was the adult child. In **Style** and in **Kotzbauer**, for instance, the proponents were the obligee parents. Here, Mother was the proponent, and thus the trial court was correct when it concluded Mother had the burden to rebut the presumption.

Having concluded that Mother was authorized to seek continued support, we address the second facet of Father's burden argument. He claims that even if Mother could litigate the action, she could not satisfy her burden of proof without the adult child's testimony. Again, Father relies on **Verna** to suggest that N.J. had to personally testify to rebut the presumption: "There was no evidence presented by [N.J.] as to his ability for employment or his needs for a support wage. In fact, [N.J.] was not present for the telephonic hearing[.]" **See** Father's Brief at 10-11. Father concludes that Mother's testimony alone was insufficient. **Id**. at 11-12.

We disagree. First, Father's construction of **Verna** creates a peculiar catch-22: in order to prove their special needs, individuals with disabilities would need to testify and present evidence; but if they were competent enough to testify and present evidence, then it might seem their special needs would not prevent them for earning a livable wage. Such an interpretation essentially writes 23 Pa.C.S.A. § 4321(3) and Pa.R.C.P. 1910.19(e)(4) out of the rule book, especially for those with mental or intellectual disabilities. Second, Mother's testimony was not *per se* insufficient. We have held that

- 10 -

petitioners are not required call experts to prove a disability; the testimony of lay witnesses suffices, particularly when there is no dispute over the adult child's diagnosis. ***See Kotzbauer***, 937 A.2d at 491.

Here, Mother and Father agree N.J. has autism, but Father disputes that N.J. is incapable of working. Mother testified extensively about N.J.'s limitations. Although N.J. graduated from high school and is a part-time student at the local community college, he always required individualized attention with his studies, usually in the form of an autistic support aide. Since he started community college, Mother has sat with N.J. during his online classes. He can read, but he does not comprehend. He has never had a job. He does not drive. He can perform some tasks such as personal hygiene, feeding himself, and letting out the family's dog. He can use the microwave, but he cannot cook. He needs directives to be explained and re-explained to him several times. He is overwhelmed by loud and crowded places. His behavioral issues mean he does not interact well with people – he once faced expulsion after an outburst with classmates – and his only friend is his sister. N.J. takes psychotropic medication for his autism, anxiety, and attention deficit hyperactivity disorder (ADHD). At the time of the hearing, Mother was pursing a social security disability benefit on N.J.'s behalf.

Upon our review, we conclude the record supports the special master's reliance on Mother's assertions that N.J.'s disability currently prevents him from being employed. During the hearing, Father admitted he had not been to any of N.J.'s doctor's appointments or Individualized Education Program

(IEP) meetings with his teachers. In fact, Father had not seen nor spoken to N.J. for five years. To make his case that N.J. was capable of employment, Father largely cross-examined Mother about N.J.'s enrollment in community college and his good grades in some academic subjects. While these facts might suggest a child's needs are not so disabling to warrant continued support, the factfinder is by no means obligated to afford them dispositive weight. *See, e.g., Kotzbauer*, 937 A.2d at 490-491 (where the trial court determined the child's special needs warranted the father's continued support, even though the child had previously worked, could drive, and was a full-time student at the local community college).

In sum, we conclude the trial court did not err when it determined Mother rebutted the presumption that Father's obligation should end upon N.J.'s majority. Mother was authorized to seek Father's continued support on behalf of N.J. And Mother's testimony was sufficient and competent evidence that N.J. was "mentally [un]able to engage in profitable employment." *See M.E.W.*, 240 A.3d at 634-635. Father's first three appellate issues are without merit.

In Father's remaining two issues, he alleges the special master considered inadmissible evidence to reach its determination about N.J.'s abilities. *See* Father's Brief at 12-14. At the hearing, the special master asked Father's counsel whether he would object to several documents that were included in the domestic relation officer's file. Among these documents were letters from a high school autistic support teacher, a guidance counselor,

and the maternal grandfather. Father's counsel objected to the letters on hearsay grounds. Although the special master deferred ruling on the objection until it heard further testimony, the master eventually sustained the objection and deemed the letters inadmissible.

On appeal, Father is somehow of the mind that the special master took these documents into consideration, even though the master deemed them inadmissible. There is nothing in the record to suggest this. Ultimately, we agree with the trial court, which stated: "It is not necessary that Mother present a litany of psychiatrists, psychologists, educators and vocational rehabilitation counselors to sustain her burden of proving that N.J. suffers from a mental disability and is unable to support himself. …Mother has proven these facts." *See* Opinion and Order, 12/16/20, at 3. Father's final issues lack merit as well.

Order affirmed.


Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 10/19/2021