J-S27003-22

J-S27004-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| CHAD BATTERMAN | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| | : | |
| SILVIA SANTO | : | No. 967 EDA 2022 |

Appeal from the Order Entered March 16, 2022
In the Court of Common Pleas of Montgomery County
Civil Division at No: 2019-06877

| CHAD BATTERMAN | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| | : | |
| SILVIA SANTO | : | No. 968 EDA 2022 |

Appeal from the Order Entered March 16, 2022
In the Court of Common Pleas of Montgomery County
Civil Division at No: 2019-06877

| CHAD BATTERMAN | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| | : | |
| SILVIA SANTO | : | No. 969 EDA 2022 |

Appeal from the Order Entered March 17, 2022
In the Court of Common Pleas of Montgomery County
Civil Division at No: 2019-06877

J-S27003-22

J-S27004-22

| CHAD BATTERMAN | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| SILVIA SANTO | : | No. 1194 EDA 2022 |

Appeal from the Order Entered March 17, 2022
In the Court of Common Pleas of Montgomery County
Civil Division at No:  2019-06877

BEFORE:  STABILE, J., NICHOLS, J., and SULLIVAN, J.

MEMORANDUM BY STABILE, J.:                    **FILED SEPTEMBER 27, 2022**

In these consolidated appeals, Appellant, Chad Batterman (Father), *pro se* challenges four orders issued in the Court of Common Pleas of Montgomery County denying his petitions to proceed *in forma pauperis* (IFP) in this protracted, tortuous custody battle between Father and Appellee, Silvia Santo (Mother), involving the couple's minor children.  With respect to all four orders, Father contends that the trial court committed error of law in denying his IFP petitions based on its conclusion that Father failed to demonstrate his inability to obtain funds for transcripts and fees related to his appeals.[1]  With

---

[1] An order denying IFP status is a final, appealable order.  **See Grant v. Blaine**, 868 A.2d 400, 402 (Pa. 2005).

- 2 -

regard to two of the orders, he also argues that the trial court's failure to conduct a hearing deprived him of due process. Following review, we affirm.

In a July 27, 2022 memorandum disposing of another of Father's appeals from an order denying an IFP petition, a panel of this Court provided the following factual background:

Father and [Mother] were married in November 2014 and separated in November 2017. Mother and Father are the parents of C.B. and D.B. (Children), [dates of birth, 10/20/15 and 10/10/17], respectively. On February 12, 2018, the court entered an order granting the parties shared legal custody of the Children, granting Mother primary physical custody, and granting Father partial physical custody (one day a week and every other weekend). *See* Order, 2/12/18. On May 3, 2019, the trial court entered a custody order granting Mother sole legal custody and primary physical custody of the Children and granting Father partial physical custody of the Children. *See* Order, 5/3/19. Since 2017, this custody matter has accumulated over 370 docket entries, primarily from Father's efforts to obtain contempt orders against Mother.[4]

> 4 Despite words of caution and criticism by the Honorable Melissa S. Sterling, Father has continued his litigious pursuit. Judge Sterling stated:
>
> > Dozens of emergency petitions, petitions for contempt, reconsideration motions, appeals and numerous filings against third parties including children's physicians, local police, and maternal grandparents seeking discovery regarding the children, have been filed with this court and the Pennsylvania Superior Court and have been heard before numerous judges. Despite numerous warnings and threats of sanctions being imposed against him, Father continues to file and seeks contempt ruling after contempt ruling, hoping to increase his custody time while reducing Mother's. Father's continued abuse and misuse of the court system in his attempts to gain the upper hand cannot be ignored. We do not make our decision today lightly, particularly given the four-year, non-stop battle over these small children and the continued abuse of court time and resources. It appears to us that their spiteful litigation has almost become a full-time job for these parents. We know Father seeks an equal parenting role, but we do not believe that would be the correct decision at this time. These parents must learn to co-parent as peacefully

as they possibly can. Once they reach that state of mind–that their children are more important than their battles–we are hopeful that they will be able to jointly make the right decisions for the Children. But for now, one parent must have the ability to make final decisions on critical issues such as health and education and, having heard 5 days of testimony, reviewed both parties' exhibits and considered all the evidence before us, we believe the order we have issued today is the fairest we can provide.

Findings of Fact, 7/16/21, at 2-5, 9, 12.

***Batterman v. Santo***, No. 145 EDA 2022, unpublished memorandum at 1-3 (Pa. Super. filed July 27, 2022) (brackets, ellipses, and some footnotes omitted).[2]

As stated, the instant appeals relate to four different orders denying Father's petitions for IFP status. At docket No. 967 EDA 2022, Father's appeal stems from the March 16, 2022 order denying a March 9, 2022 IFP petition seeking waiver of fees relating to the transcript of a March 2, 2022 hearing "address[ing] issues raised in 11 custody and contempt petitions" before the Honorable Henry S. Hilles, III. Trial Court Opinion, 5/9/22, at 1-2. At docket No. 968 EDA 2022, Father's appeal involves the March 16, 2022 order denying

_____

[2] The panel explained that the trial court erred by basing its denial of Father's December 16, 2021 IFP petition simply on the fact "[Father] has not persuaded the court that he is without the necessary resources." ***See*** Order, 12/17/21. The panel determined that the failure to conduct an evidentiary hearing required reversal and remand for a hearing. ***Batterman, supra,*** at 8-9. By contrast, the trial court in the instant action did hold a hearing on March 11, 2022 and based its denials not only on its review of Father's petitions but also on testimony and evidence presented at the March 11 hearing.

- 4 -

a second March 9, 2022 IFP petition seeking waiver of fees for the transcript of an October 7, 2021 hearing on Father's "Emergency Motion to Remove the Parties' Children from Mother's Residence until Proper Asbestos and Lead Testing Is Completed." **Id.** at 2. At docket No. 969 EDA 2022, Father appealed the March 17, 2022 order denying his IPF petition filed that same day in which he requested waiver of fees for three separate appeals as well as a March 11, 2022 hearing involving Father's "two, then-pending IFP Petitions." **Id.**[3] At docket No. 1194 EDA 2022, Father appealed the May 2, 2022 order denying his April 29, 2022 IFP petition requesting waiver of fees for the transcript of an April 27, 2022 hearing. In all four appeals, Father argues trial court error for denying the petitions. In the appeals docketed at No. 969 EDA 2022 and No. 1194 EDA 2022, Father also argues that he was deprived of due process by virtue of the trial court's failure to conduct a hearing.

In **D.R.M. v. N.K.M.**, 153 A.3d 348 (Pa. Super. 2016), this Court reiterated that:

> "[I]n reviewing a trial court's resolution of an application to proceed *in forma pauperis,* we reverse only if the court abused its discretion or committed an error of law." **Amrhein v. Amrhein**, 903 A.2d 17, 19 (Pa. Super. 2006). An abuse of discretion is not merely an error in judgment but requires a finding of bias, partiality, prejudice, ill will, manifest unreasonableness, or misapplication of law. **Commonwealth v. Tickel**, 2 A.3d 1229, 1233 (Pa. Super. 2010). The trial court "has considerable

---

[3] When appropriate, we shall refer to appeals from the two March 16, 2022 orders and the March 17, 2022 order collectively as "the March appeals."

discretion in determining whether a person is indigent for purposes of an application to proceed *in forma pauperis*." *pauperis.*" ***Amrhein, supra*** at 20.

***Id.*** at 350-51.

In its July 27, 2022 memorandum opinion addressing Father's appeal from a December 20, 2021 order denying IFP status, the panel correctly observed:

> In determining IFP status, the trial court must satisfy itself of the truth of the averment of an inability to pay the costs of litigation, and if it believes the petitioner's averments, there is no requirement that the court conduct an evidentiary hearing. ***Commonwealth v. Cannon***, 954 A.2d 1222, 1226 (Pa. Super. 2008), citing ***Amrhein***[, 903 A.2d at 19]. However, if the court disbelieves even some of the petitioner's averments, an evidentiary hearing must be held. ***Amrhein, supra. See also Crosby Square Apartments v. Hanson***, 666 A.2d 737 (Pa. Super. 1995)[.] Although the trial court has considerable discretion in determining whether a person is indigent for purposes of an IFP application, ***Amrhein, supra***, in making that determination, the trial court must focus on whether the person can afford to pay and cannot reject allegations contained in an application without conducting a hearing. ***Cannon, supra; Crosby Square, supra.***

***Batterman, supra***, at 7 (some citations omitted).

> Further:

> Pa.R.C.P. 240 ("Rule 240") governs the filing of IFP Petitions generally and provides that if "the petition is denied, in whole or in part, the court shall briefly state its reasons." Pa.R.C.P. 240(c)(3). This Court has instructed, if "the trial court is inclined to deny . . . IFP applications after conducting the appropriate evidentiary hearing(s), the trial court must place a brief statement of its reasons on the record and/or in its order(s)." ***Goldstein v. Haband Co.***, 814 A.2d 1214, 1218 (Pa. Super. 2002).

***D.R.M.***, 153 A.3d at 351.

Here, the trial court conducted a hearing on March 11, 2022. As the court explained:

> The court presided over a hearing on March 11, 2022 during which Father testified with respect to his financial situation and introduced exhibits into the record. The court ultimately concluded that Father had the financial resources to pay the various fees and denied the three IFP petitions in orders issued March 16, 2022 (two) and March 17, 2022.

Trial Court Opinion, 5/9/22, at 2. Not only did the court conduct the required evidentiary hearing, but also in its two orders issued on March 16, 2022, the court indicated its reason for denying Father's petitions, stating, "[Father] has failed to demonstrate that he is unable to obtain funds to pay for the requested transcript." Order, 3/16/22, at 1. In the order issued on March 17, 2022, the court indicated, "[Father] has failed to demonstrate that he is unable to obtain funds to pay for (1) the requested transcript and (2) the fees in connection with any appeal." Order, 3/17/22, at 1.

We find no abuse of discretion or error of law in the trial court's orders challenged in the March appeals. Father filed petitions with information regarding his financial situation and presented testimony at the March 11, 2022 hearing regarding his finances, along with exhibits that were admitted by the court. The court issued orders that properly included a brief statement as to why each petition was denied. In its opinion addressing the March appeals, the court further explained that

> contrary to Father's contention in the IFP affidavits, Father is *not* "unable to obtain funds from anyone, including [his] family and associates, to pay the costs of litigation." Father clearly has

> access to funds from his father to finance his everyday life including housing expenses, children's activities and vacations. The court found Father to be wholly incredible in his self-serving testimony that his father is essentially willing to finance Father's expenses *except for the within filing fees*. Father was unable to demonstrate that he is "unable to pay the fees and costs" as averred in his IFP affidavits.

Trial Court Opinion, 5/9/22, at 5 (emphasis in original; footnote and some capitalization omitted).

Regarding the March appeals, the orders were entered after the court considered Father's petitions and conducted a hearing on March 11, 2022. We reject Father's contention that the trial court denied him due process by not conducting another hearing before issuing the March 17, 2022 order, one day after issuing its two March 16, 2022 orders and less than one week after conducting the March 11 hearing. Father has not even remotely suggested that his financial status changed between March 11, 2022 and the time the orders were issued on March 16, 2022, and he has failed to advance any legitimate argument that his status changed between March 16, 2022 and March 17, 2022 when it issued the order appealed from at docket 969 EDA 2022. Finding no abuse of discretion or error of law with respect to the March appeals, we affirm the trial court's orders entered on March 16, 2022 and the order entered on March 17, 2022.

In the appeal docketed at No. 1194 EDA 2022, Father again asserts trial court error for denying an IFP petition, this time with regard to the trial court's May 2, 2022 order denying Father's April 29, 2022 IFP petition. In that

petition, Father requested waiver of fees for the transcript of an April 27, 2022 hearing. We note that the third page of Father's April 29, 2022 petition appears to be a photocopy of his two March 9 petitions as well as the March 17 petition. However, Father's handwritten notation in the March petitions claiming "arrears of at least $34,000 per the Philadelphia Family Court" is altered by writing the number "5" over the "4" so that he now suggests he has "arrears of at least $35,000 per the Philadelphia Family Court." *See* IFP Petition, 4/29/22, at 3. In all other respects, Father's representations in the April 29 petition are unchanged from those made in the March petitions.

In its May 2, 2022 order denying the April 29, 2022 petition, the trial court explained, "The petitioner has failed to demonstrate that he is unable to obtain funds to pay for his transcript. The court presided over an evidentiary hearing with respect to Petitioner's ability to pay on March 11, 2022 (in connection with a previous request to proceed in forma pauperis)." Trial Court Order, 5/2/22.

We find no abuse of discretion or error of law on the part of the trial court in denying Father's April 29, 2022 petition. Further, the court conducted an evidentiary hearing only seven weeks earlier and Father has not demonstrated, or even suggested, that yet another hearing would have produced any information to alter the trial court's determination that Father failed to demonstrate an inability to pay for the transcript. As the trial court observed,

> [Father] did not aver that his financial condition had somehow changed in the intervening weeks; there was no basis for the court to schedule another hearing. Certainly, ***Thompson v. Thompson***, 187 A.3d 259 (Pa. Super. 2018), does not stand for the proposition that the court must conduct IFP hearing on a regular basis if a serial filer continues to file IFP petitions.
>
> [Father] was unable to demonstrate that he "is without financial resources" to pay the fees and costs as contemplated by Pennsylvania Rule of Civil Procedure 240.

Trial Court Opinion, 5/26/22, at 5.

Therefore, we reject Father's assertion that he was denied due process as a result of the trial court's failure to conduct an additional evidentiary hearing absent any evidence that Father's financial condition changed in the intervening period. Father is not entitled to relief.

Orders affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 9/27/2022