**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| JOSEPH HABIB GORO | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| | : | |
| WASSEN GORO N/K/A WASSEN | : | No. 1093 WDA 2024 |
| KANOUNO | : | |

Appeal from the Decree Entered August 21, 2024
In the Court of Common Pleas of McKean County Civil Division at No(s):
601 C.D. 2016

BEFORE:    KUNSELMAN, J., NICHOLS, J., and LANE, J.

JUDGMENT ORDER BY LANE, J.:                        **FILED: MARCH 24, 2025**

Joseph Habib Goro ("Joseph") appeals *pro se* from the divorce decree entered in the matter between him and Wassen Goro N/K/A Wassen Kanouno ("Wassen").  We dismiss this appeal.

The underlying facts and procedural history are not relevant to our disposition.  Instead, we consider: "This Court may quash or dismiss an appeal if the appellant fails to conform to the requirements set forth in the Pennsylvania Rules of Appellate Procedure."  ***Thompson v. Thompson***, 187 A.3d 259, 263 n.1 (Pa. Super. 2018) (citation omitted); ***see also*** Pa.R.A.P. 2101.

Our Rules of Appellate Procedure and case law provide well-established requirements for preserving a claim for appellate review.  For example, an appellate brief must include: (1) a statement explaining this Court's

jurisdiction; (2) a statement of questions involved, stating "concisely the issues to be resolved;" (3) a statement of the case, setting forth "[a] closely condensed chronological statement" of the relevant facts; (4) a summary of the argument; and (5) references to the place in the record where an appellant raised, and therefore preserved, their issues. Pa.R.A.P. 2114, 2116(a), 2117(a)(4), (c), 2118, 2119(e). Importantly, a brief must also include an argument section that: is "divided into as many parts as there are questions to be argued;" and develops the issues with discussion and citation to relevant legal authority. Pa.R.A.P. 2119(a), (c). "[I]t is beyond cavil that, where an appellate brief fails to provide any discussion of a claim with citation to relevant authority or fails to develop the issue in any other meaningful fashion capable of review, that claim is waived." *Viall v. Garvin*, 318 A.3d 905, 925 (Pa. Super. 2024) (citation omitted).

Finally, we note:

[A]lthough [we are] willing to liberally construe materials filed by a *pro se* litigant, *pro se* status confers no special benefit upon the appellant. To the contrary, any person choosing to represent himself in a legal proceeding must, to a reasonable extent, assume that his lack of expertise and legal training will be his undoing.

*Jordan v. Pa. State Univ.*, 276 A.3d 751, 761 (Pa. Super. 2022) (citation omitted). "[A] *pro se* litigant must comply with the procedural rules set forth in the Pennsylvania Rules of the Court." *Id*. at 762 n.3.

The entirety of Joseph's twenty-page brief is a profuse list of factual allegations against Wassen, including claims that she: refused to care for their

child; failed to disclose her multiple businesses; falsified her bank accounts; was violent and aggressive; was an adulterer; and did not in fact suffer from fibromyalgia. He requests, without further explanation, this Court to, *inter alia*: cancel his future alimony obligations, because Wassen is able to work, the parties share child custody, and she has already received $450,000 in child and spousal support; cancel Wassen's health insurance and her status as a beneficiary to his life insurance; require Wassen to pay toward her car loan; and return a diamond wedding ring.

After careful review, we determine the substantial deficiencies in Joseph's brief preclude meaningful review. He fails to include a statement of jurisdiction, statement of questions involved, statement of the case, summary of the argument, and reference to the place in the record showing he has preserved an issue for our review. **See** Pa.R.A.P. 2114, 2116(a), 2117(a)(4), (c), 2118, 2119(e). Significantly, while Joseph raises prolix claims, each involving distinct legal principles, he fails to cite **any** legal authority or discuss their application to this case. **See** Pa.R.A.P. 2119(a); **see also Viall**, 318 A.3d at 925. He also wholly fails to discuss the trial court's rulings on each of his claims or explain why they are allegedly in error. **See** Pa.R.A.P. 2101.

Accordingly, we dismiss this appeal. We direct our Prothonotary to remove this case from the April 2, 2025, argument list.

Appeal dismissed. Case stricken from the argument list.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

DATE: 3/24/2025