J-S06019-25

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| NICHOLAS WEIR | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| ALLEGHENY HEALTH NETWORK | : | No. 731 WDA 2024 |
| (AHN), DR. CAMILO CACERES, MD, | : | |
| JESSICA MEENIHAN, PA, ANISA | : | |
| ISLAMOVA, RN, CHERYL ABT, AND | : | |
| WILLIAM E. ABT | : | |

Appeal from the Order Entered May 2, 2024
In the Court of Common Pleas of Allegheny County Civil Division at
No(s):  GD-24-002260

BEFORE:    PANELLA, P.J.E., LANE, J., and BENDER, P.J.E.

MEMORANDUM BY LANE, J.:                    **FILED: April 22, 2025**

Nicholas Weir ("Weir") appeals *pro se* from the order, which: (1) granted the motions to dismiss, pursuant to Pa.R.Civ.P. 233.1(a),[1] filed by Allegheny Health Network ("AHN"), Dr. Camilo Caceres, MD ("Dr. Caceres"), Jessica Meenihan, PA ("Meenihan"), Anisa Islamova, RN ("Islamova") (collectively, the "medical defendants"), Cheryl Abt and William E. Abt (the "Abts") (collectively, "Defendants"); and (2) dismissed Weir's *pro se* complaint with prejudice.  We affirm.

---

[1] ***See*** Pa.R.Civ.P. 233.1 ("Frivolous Litigation.  *Pro Se* Plaintiff.  Motion to Dismiss").

By way of background, we summarize that previously, Weir filed suit in the United States District Court for the Western District of Pennsylvania ("the federal court"). Weir raised at least thirty-one counts against the instant Defendants, as well as the Federal Bureau of Investigation, the Central Intelligence Agency, the Department of Defense, the United States of America, the Office of Government Ethics, and the Food and Drug Administration.

> [Weird] allege[d] he was intentionally poisoned by his neighbors, the Abts, when they injected toxic gas into his basement, and by [the] medical defendants when they administered an injection to treat a migraine headache. It [was] unclear how the medical defendants and neighbor defendants [were] linked and why [Weir] sued them both in the same lawsuit.

Trial Court Opinion, 8/15/24, at 1.

In January 2024, the federal court granted all of the defendants' motions to dismiss Weir's complaint, citing the substantiality doctrine, under which "federal courts are without power to entertain claims otherwise within their jurisdiction if they are[:] so attenuated and unsubstantial as to be absolutely devoid of merit; wholly insubstantial; obviously frivolous; plainly unsubstantial; or no longer open to discussion." *Weir v. Federal Bureau of Investigation*, Civil Action No. 2:23-cv-439 (W.D.Pa. Jan. 29, 2024) (order at 4-5) ("federal court order") (*citing Hagans v. Lavine*, 415 U.S. 528, 536-37 (1974)). Relevantly, the federal court dismissed some counts "without prejudice pursuant to 28 U.S.C. § 1367(c)(3)." *Id*. at 6.

On February 29, 2024, Weir filed the underlying *pro se* complaint against the Defendants. The complaint asserted nineteen counts in medical

malpractice, negligence, defamation, and conspiracy. Separate motions to dismiss, all citing Pa.R.Civ.P. 233.1 (discussed *infra*), were filed by: AHN and Islamova; Dr. Caceres; and the Abts.

On May 2, 2024, the trial court granted all the motions, dismissed Weir's complaint with prejudice, and barred him from raising the same or related claims without first seeking leave of court. Weir filed two "objections," which the trial court treated as motions to reconsider and denied on May 6, 2024. Weir filed a notice of appeal[2] and a court-ordered Pa.R.A.P. 1925(b) statement

_____

[2] After the trial court denied the motion to reconsider, Weir filed another "motion to reopen the case" and motion for reconsideration. The trial court denied both. The trial docket indicates that Weir filed a notice of appeal on June 11, 2024 — after the thirty-day appeal period running from the May 6, 2024, denial of his objections. *See* Pa.R.A.P. 903(a) (requiring a notice of appeal to be filed within thirty days of the entry of the order appealed from).

This Court issued a rule on Weir to show cause why we should not dismiss his appeal as untimely filed. Weir responded that he attempted to file a notice of appeal on June 1, 2024 — within the thirty-day period — but the trial court prothonotary rejected it because he chose the incorrect docket type. We note that Weir had attached, to his subsequent June 11, 2024 notice of appeal, an email message from the trial court prothonotary that corroborated this claim.

This Court vacated the rule to show cause. After review, this panel determines that Weir timely filed the notice of appeal on June 1, 2024. Pennsylvania Rule of Appellate Procedure 902(b) provides that a party's failure to comply with the requirements for filing an appeal, with the exception of the timeliness requirement, does not affect the validity of the appeal. *See* Pa.R.A.P. 902(b)(1). "If the appellant fails to respond or take the necessary steps to correct a defect, the appellate court may quash the appeal." Pa.R.A.P. 902(b)(1), *comment*. Here, however, Weir corrected the defect of his initial notice of appeal, as indicated by the trial court's docket entry for his subsequent, June 11, 2024 filing of the second notice of appeal.

J-S06019-25

of errors complained of on appeal.[3]

Weir presents the following issues for our review:

[1.] Did [the trial] court erred in granting [Weir's] motion to dismiss pursuant to Pa.R.C.P. 233.1 where [Weir's] claims were the same as those dismissed without prejudice by a federal court? . . .

[2.] Is the dismissal application of Pa.R.C.P. 233.1 in **Coulter v. Ramsden**[, 94 A.3d 1080 (Pa. Super. 2014),] and **Gray v. Buonopane**[, 53 A.3d 829 (Pa. Super. 2012),] also applicable to this action?

[3.] Did the trial court abuse its discretion, violate[ ] Pennsylvania Code of Judicial Conduct, and/or abuse its power in its interpretation and/or application of the facts and laws?

[4.] Are Judge McGinley's order, Judge Ignelzi's order, Judge Klein's two orders, and Judge Hertzberg's three orders erroneously inconsistent with facts and law and/or violated [Weir's] constitutional rights?

Weir's Amended Brief at 14-15 (unnecessary capitalization and quotation marks omitted).

Preliminarily, we observe Weir's *pro se*, 100-page brief is prolix and difficult to follow. His "argument" section includes more than thirty-three

_____

[3] We note with displeasure that Weir's *pro se* fourteen-page Rule 1925(b) statement was inordinately long, included at least eight pages of procedural history, interspersed with claims vaguely worded, and failed to "concisely identify each error that [he] intend[ed] to assert with sufficient detail to identify the issue to be raised for the judge." Pa.R.A.P. 1925(b)(4)(ii); **see also** Pa.R.A.P. 1925(b)(4)(i) (providing the statement "shall set forth only those errors that the appellant intends to assert"), (iv) (providing the statement "should not be redundant or provide lengthy explanations as to any error").

- 4 -

pages discussing the prior federal court action.[4]  Weir's Amended Brief at 19-52.  Nevertheless, we discern the following, often repeated contention that: (1) the federal court order dismissed some of his claims **without** prejudice; (2) the federal court order also "explicitly stated [he] can file the state claims in state court within [thirty] days pursuant to 28 U.S.C. § 1367;" and thus (3) these "state claims have not been previously resolved in a prior court proceeding." **Id**. at 76-77, 94-95.

We note the applicable standard of review:

To the extent that the question presented involves interpretation of rules of civil procedure, our standard of review is *de novo*.  To the extent that this question involves an exercise of the trial court's discretion in granting [a] "motion to dismiss," our standard of review is abuse of discretion.

_____

[4] "This Court may quash or dismiss an appeal if the appellant fails to conform to the requirements set forth in the Pennsylvania Rules of Appellate Procedure."  **Thompson v. Thompson**, 187 A.3d 259, 263 n.1 (Pa. Super. 2018) (citation omitted); **see also** 2117(a)(1) (requiring a brief to include "a brief procedural history of the case"), 2119(a), (c) (requiring the argument section to be "divided into as many parts as there are questions to be argued" and to include development of the issues with discussion and citation to relevant legal authority).  We additionally note:

[A]lthough [we are] willing to liberally construe materials filed by a *pro se* litigant, *pro se* status confers no special benefit upon the appellant.  To the contrary, any person choosing to represent himself in a legal proceeding must, to a reasonable extent, assume that his lack of expertise and legal training will be his undoing.

**Jordan v. Pa. State Univ.**, 276 A.3d 751, 761 (Pa. Super. 2022) (citation omitted).  "[A] *pro se* litigant must comply with the procedural rules set forth in the Pennsylvania Rules of the Court."  **Id**. at 762 n.3.

***Coulter***, 94 A.3d at 1086 (citation omitted).

As stated above, the federal court dismissed some of Weir's claims without prejudice, citing 28 U.S.C. 1367(c). That statute provides, in pertinent part:

> (a) Except as provided in subsections . . . (c) . . . , in any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution. Such supplemental jurisdiction shall include claims that involve the joinder or intervention of additional parties.
>
> * * * *
>
> (c) The district courts may decline to exercise supplemental jurisdiction over a claim under subsection (a) if —
>
> * * * *
>
> (3) the district court has dismissed all claims over which it has original jurisdiction[.]

28 U.S.C. § 1367(a), (c)(3). Section 1367 addresses the federal district court's decision to "'decline to exercise supplemental jurisdiction over a claim' if it 'has dismissed all claims over which it has original jurisdiction.'" ***Henderson v. Mahally***, 639 F.Supp.3d 481, 487 (M.D. Pa. 2022); ***see also id***. (explaining that "[i]t is generally true that if all federal claims are dismissed, the court should likewise dismiss the state-law claims").

Meanwhile, Pennsylvania Rule of Civil Procedure 233.1, upon which the trial court relied, provides that a defendant may file a motion to dismiss a *pro se* action on the basis that: "(1) the *pro se* plaintiff is alleging the same or

- 6 -

related claims which the *pro se* plaintiff raised in a prior action against the same or related defendants, and (2) these claims have already been resolved pursuant to . . . a court proceeding."  Pa.R.Civ.P. 233.1(a)(1)-(2).  Upon granting such a "motion and dismissing the action, the court may bar the *pro se* plaintiff from pursuing additional *pro se* litigation against the same or related defendants raising the same or related claims without leave of court."  Pa.R.Civ.P. 233.1(c).

The comment to Rule 233.1 explains that the Pennsylvania Supreme Court sought to address the issue of *pro se* litigants

> abusing the legal system by repeatedly filing new litigation raising the same claims against the same defendant even though the claims have been previously adjudicated either through settlement or through court proceedings.
>
> . . . Rule 233.1 provides relief to a defendant who has been subjected to this type of repetitive litigation.  While attorneys are subject to the rules of disciplinary procedure, no analogous rule exists to curb this type of abuse when done by a *pro se* party.

Pa.R.Civ.P. 233.1, *comment* (paragraph break added); **see also Gray**, 53 A.3d at 835 (explaining that Rule 233.1 "operates to spare potential defendants the need to defend spurious claims, first, by allowing the expeditious dismissal of duplicative *pro se* actions and, second, by empowering the trial court to ban the *pro se* litigant's commencement of further actions against such defendants").

Here, the trial court dismissed Weir's complaint with prejudice pursuant to Rule 233.1.  The trial court found Weir's "claims in the instant case are all

sufficiently related to the claims in the federal case that **_were considered and resolved on the merits by the [federal] court_**. [Weir's] state claims are nearly identical to the claims dismissed with prejudice by a federal court." Trial Court Opinion, 8/15/24, at 4-5 (unnecessary capitalization omitted and emphases added). The court determined: "This situation is exactly of the typed contemplated by [Rule] 233.1, where [the D]efendants have been forced to defend repeated, frivolous court filings for which a member of the bar may be subjected to disciplinary action, but no such mechanism exists to discipline a *pro se* litigant." **_Id_**. at 5.

After review of the record, we determine the trial court did not abuse its discretion. **_See Coulter_**, 94 A.3d at 1086. First, we reject Weir's claim that the federal court order "explicitly stated [he] can file the state claims in state court within [thirty] days." Weir's Amended Brief at 76. The federal court order made no such statement. Instead, it merely dismissed some of Weir's causes of action "without prejudice pursuant to 28 U.S.C. § 1367(c)(3)." Federal Court Order, 1/29/24, at 6. Accordingly, no relief is due on this theory.

Second, we reject the implicit premise in Weir's argument — that a federal district court's dismissal of a claim under Section 1367(c)(3) permits, or even mandates, the acceptance of the same claim by the Pennsylvania Court of Common Pleas. By its plain language, Section 1367 makes no reference to a state court's jurisdiction over any claim. Instead, Section 1367

addresses only the federal district court's decision to "'decline to exercise supplemental jurisdiction over a claim' if it 'has dismissed all claims over which it has original jurisdiction.'" **Henderson**, 639 F.Supp.3d at 487.

Relatedly, we reject the additional implicit premise in Weir's argument: that once a Pennsylvania trial court is presented with a claim dismissed by a federal district court under Section 1367(c), Pennsylvania Rule of Civil Procedure 233.1 no longer has any effect — that is, that no defendant may invoke the rule to seek dismissal of the claim. Weir cites no legal authority, and we have discovered none, to support such a proposition. Accordingly, we conclude no relief is due on Weir's claims.

As Weir presents no meritorious issues, we affirm the order granting the Defendants' motions to dismiss, dismissing Weir's complaint with prejudice, and barring Weir from raising the same or related claims without first seeking leave of court.

Order affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

4/22/2025